WILSON, APPELLANT, *v.* JOHNSON, D. B. A. JOHNSON MOTOR FREIGHT CO., APPELLEE.

(No. 4218—Decided March 27, 1962.)

*Messrs. Rickert & Fine,* for appellant.
*Mr. William E. Pfau* and *Mr. William E. Pfau, Jr.,* for appellee.

BROWN, P. J.   The plaintiff, appellant herein, argues that the verdict of the jury which awarded plaintiff three thousand dollars is grossly inadequate, was rendered under the influence of passion and prejudice, and was so manifestly against the weight of the evidence that the trial court erred in overruling his motion for a new trial.

The accident, which is claimed to have produced the injuries to the plaintiff's person, was a rear-end three car collision.

No real controversy exists with regard to the defendant's liability.

Plaintiff claimed that low back injuries sustained in the accident made it necessary for him to be operated on for the purpose of having certain vertebrae fused.

Plaintiff alleges that as a direct result of the injury and operation he had hospital bills of $1,290, X-ray bills of $152.

doctor bills of $588.25, an optical bill of $31.42, that he expended $150 for medicine, $146.60 for braces, brace repairs, and miscellaneous items, and had lost wages of over $20,000.

The defendant generally denied the allegations of the petition, and specifically denied that the injuries of the plaintiff were as alleged, or that plaintiff's damage was as extensive as alleged.

At the trial it was shown that the plaintiff in statements made upon deposition prior to trial had stated under oath that he had been in a prior accident on July 15, 1959, which had injured other parts of his body, but had not injured his low back. In this same deposition plaintiff had stated that he had had no other serious accidents and no trouble with any part of his back prior to the accident on July 15, 1959.

Later in the trial, when confronted by definite, strong, extensive evidence refuting these statements and raising a serious question as to plaintiff's credibility, plaintiff admitted another accident affecting his back, which accident had required him to be hospitalized, X-rayed and treated; and admitted further that some years prior to the accident, during a period of army service, he had complained of back pain on numerous occasions as shown by an army record, extracts of which were then introduced in evidence.

Plaintiff's credibility was also seriously challenged when evidence was introduced by the defendant that plaintiff had continued to act as a lifeguard or swimming instructor after the accident, although plaintiff had stated under oath that he had not done so, and was unable to do so because of the injuries received in this accident.

With this state of the evidence we must then concern ourselves with the testimony of the plaintiff's doctor.

Dr. W. D. McElroy, plaintiff's attending physician and a professional man of high repute, gave his opinion as the attending physician and as an expert medical witness, and stated that the injuries which required the operation were the result of the accident, were permanent in nature, were disabling, and would require continued wearing of a brace for an indefinite period. However, the doctor stated that this opinion was based upon complaints of pain by the plaintiff. The doctor stated that

the spondylolisthesis which was observed in the plaintiff's back was, in his opinion, congenital in nature, but that the pain of which plaintiff complained following the accident was precipitated by the effects of the accident upon this condition.

We have examined a great many reported cases for the purpose of determining how the adequacy of this verdict, under these circumstances and under this state of proof, is to be judged by an appellate court. We find that as a general rule verdicts of a jury which can not be said to have been influenced by some.error of law committed in the trial of the case will not be disturbed for excessiveness or inadequacy. 15 American Jurisprudence, Damages, Section 204. We find a strong tendency on the part of appellate courts to reverse if convinced that the verdict substantially exceeds or falls below any rational estimate of damages. However, in most cases in which a verdict was held to be inadequate and a new trial ordered, the extent of plaintiff's injuries or that they occurred in the accident and did not preexist the accident was not seriously controverted. There seems to be a tendency not to disturb the verdict as inadequate where the diagnosis of injury depended upon subjective symptoms, especially when the credibility of the plaintiff was seriously questioned. *Fossett* v. *Durant*, 150 Me., 413, 113 A. (2d), 620. There is also a hesitancy to disturb as inadequate any verdict where the evidence discloses that the injury complained of might have resulted from another, earlier accident or from a cause unrelated to the accident. *Dahl* v. *Moac Service Co.*, 112 F. Supp., 499; *Grissom* v. *Dahart Ice Cream Co., Inc.*, 40 So. (2d), 333. It is similarly held where the extent of the injury is a much controverted issue. *Dadiskos* v. *Shorey*, 229 F. (2d), 163. This is true even though the verdict is less than hospital bills, doctor bills and loss of wages. *Thompson* v. *Healzer Cartage Co.* (Mo.), 287 S. W. (2d), 791.

Appellant complains that the only expert opinion produced at the trial was to the effect that the plaintiff's injury was permanent and disabling, and resulted from the accident. However, it is generally held that the opinion of experts, including medical experts, given in such cases is intended to assist the jury in reaching a correct conclusion from the facts in evidence, and that the experts' opinions are not ordinarily

conclusive on the jury, and are only items of evidence to be considered with other evidence. *Berg* v. *Ullevig*, 244 Minn., 390, 70 N. W. (2d), 133.

In cases of unquestioned liability involving injuries, the extent of which is not seriously controverted, it must clearly appear that the verdict is inadequate or an appellate court will not substitute its own judgment as to the adequacy of the verdict for that of the trial court which heard the evidence and denied the motion for new trial. *Sinovich* v. *Erie Rd. Co.*, 230 F. (2d), 658; *Rayfield* v. *Lawrence,* 253 F. (2d), 209, 68 A. L. R. (2d), 888.

By reason of the foregoing, the judgment of the trial court must be, and hereby is, affirmed.

*Judgment affirmed.*

DONAHUE and GRIFFITH, JJ., concur.