OPINION
Appellant, Janice C. Croft, brings this appeal from an Allen County Common Pleas Court decision rendered upon a jury verdict in an action for personal injuries. For her action, Croft claimed she received injuries in an automobile accident and was entitled to recover underinsurance coverage benefits under a policy issued by Appellee, State Farm Mutual Automobile Insurance Company ("State Farm"). On appeal, Croft asserts that her causation and medical expense evidence and expert testimony was uncontested and, therefore, argues that the jury's deviation from the amounts represented by this evidence in its award renders the verdict grossly inadequate and against the manifest weight of the evidence. We find that State Farm was not required to present testimony to rebut Croft's expert witness testimony or other evidence, that the record contains objectively discernible reasons upon which the jury could have relied to find that such testimony and evidence lacked credibility, and that there is sufficient, competent, credible evidence supporting the jury's verdict. Accordingly, we affirm the trial court's decision.
The facts that are relevant to the issues raised on appeal are as follows. On March 18, 1997, Croft was injured in an accident with a vehicle operated by Kenneth Graham ("Graham"). Croft settled her claims for personal injuries against Graham, exhausting the liability limits of Graham's automobile insurance policy.
On January 27, 1999, Croft filed a complaint against State Farm seeking uninsured/underinsured motorist coverage protection benefits as a named insured under a State Farm automobile insurance policy. Croft sought $27, 499.03 in medical expenses and claimed she suffered other damages as a result of the accident. Prior to trial, State Farm made an advanced payment of the underinsured motorist coverage benefits and, based upon monies received by Croft, the parties agreed that State Farm would be entitled to a $37,000 setoff against any jury verdict.
The matter proceeded to jury trial on April 16, 2001. State Farm admitted that Graham was negligent in the operation of his motor vehicle and that his negligence was the cause of the collision. The only remaining issues were whether the accident was the proximate cause of Croft's injuries and the amount of damages to which Croft was entitled. Croft and her husband, Donald Croft, testified to her condition before and after the accident. Croft also submitted a videotaped deposition of Dr. Julio Salinas, a neurosurgeon who performed an operation on her neck. State Farm elected not to present witnesses, but instead chose to impeach the credibility of Croft's witnesses and evidence through cross-examination and the submission of exhibits.
The jury found that Croft sustained a total of $20,000 in damages as a direct result of the collision, itemizing the verdict as follows: $6,500 for medical expenses; $10,000 for past pain and suffering; $3,500 for the nature and extent of the injuries, the effect upon her physical health, and the inability to perform usual activities, and; $0 for future pain and suffering. Pursuant to the parties' agreement, the trial court setoff the award against the monies advanced to Croft and entered judgment on the jury's verdict in favor of State Farm on April 24, 2001. This appeal followed.
Croft presents a single assignment of error for our review.
 Assignment of Error The verdict of the jury, which fails to grant an award for uncontested medical expenses, is grossly inadequate and against the manifest weight of the evidence.
In her assignment of error, Croft infers that State Farm's failure to present competing testimony renders her causation and medical expense evidence and expert testimony undisputed and, based thereon, argues that the jury's deviation from the amounts represented by this evidence in its award renders the verdict grossly inadequate and against the manifest weight of the evidence. Croft requests that the verdict be set aside and the case remanded for a new trial.
In order for Croft's medical bills to be the subject of compensatory damages, she was required to establish a causal connection between Graham's negligence and her injuries, treatment, and expenses. Attempting to satisfy this burden, Croft and her husband testified to injuries, pain, and suffering, which they claimed were the direct result of the accident. Furthermore, Dr. Salinas opined that Croft's neck pain and injuries were proximately caused by the March 18, 1997 auto accident. Though State Farm did not present any witnesses on their behalf, they attacked Dr. Salinas' opinion and Croft's other proximate cause evidence by presenting viable alternative causes for her alleged injuries through impeachment and cross-examination of witnesses and submission of exhibits.
In an action to recover damages for personal injuries, a judgment entered on a verdict may be set aside and a new trial granted on the grounds that the verdict and judgment are manifestly against the weight of the evidence and contrary to law when the inadequacy of the verdict is so gross as to shock the sense of justice and fairness, the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or it is apparent that the jury failed to include all items of damages comprising the plaintiff's claim.[1]
 There seems to be a tendency not to disturb the verdict as inadequate where the diagnosis of injury depended upon subjective symptoms, especially when the credibility of the plaintiff was seriously questioned. There is also a hesitancy to disturb as inadequate any verdict where the evidence discloses that the injury complained of might have resulted from another, earlier accident or from a cause unrelated to the accident.[2]
 Moreover, in determining whether a judgment of a trier of fact is against the manifest weight of the evidence, the Ohio Supreme Court has stated:
 [J]udgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment.[3]
 It is well established that the jury, as the trier of fact, is vested with the power to judge the credibility of witnesses and to determine the weight to be afforded to the evidence presented.[4] "A jury is free to accept or reject any or all of the testimony of any witness, including testimony of an expert witness."[5] The opinion of an expert is not conclusive upon the jury and is but an item of evidence intended to assist the trier of fact in consideration with the other evidence of the case.[6]
Moreover, even where expert testimony is not directly controverted by the opposing party's evidence, the jury is not required to accept the testimony so long as the record contains objectively discernible reasons upon which the jury could rely to reject the expert's opinion testimony.[7] Consequently, State Farm was not required to present competing testimony and was free to contest Croft's evidence and attempt to prevent her from satisfying burdens of proof through other means, including the impeachment of her witnesses and submission of exhibits.[8]
A review of the record reveals several discrepancies and inconsistencies in the testimony of Croft and Dr. Salinas. Croft's description of her condition to Dr. Salinas included increasing discomfort in her neck, shoulders, and, though experiencing pain in both arms, more intense pain in her left arm. Croft asserted that she had had no history of problems, complaints, or treatments involving her neck or left arm before the accident. However, medical records show that Croft visited Gillis Chiropractic in June of 1987, for pain in her left shoulder and arm. Documentation of the visit indicated that the range of motion in Croft's neck was limited and that she was experiencing numbness in her arms, hands, and fingers. Croft also met with her family practitioner, Dr. William Wright, in October of 1992, with further complaints involving her left shoulder. Furthermore, though Dr. Salinas testified that he informed Croft prior to surgery that she had a degenerative back condition and bone spurs that would be removed during surgery, she did not recall the conversation and denied being told that these conditions predated the accident.
State Farm also provided, through the cross-examination and scrutiny of other evidence, objectively discernible reasons upon which the jury could have found that Dr. Salinas' opinion lacked credibility. State Farm attacked the foundation of Dr. Salinas' opinion in several respects, beginning with the accuracy of Croft's medical history. Dr. Salinas indicated that he did not treat Croft prior to the accident, that he relied on her description of her medical history and her medical records as the basis for his opinion, and that his diagnosis, treatment, and opinion as to the causation of her injuries was dependent upon the accuracy of her medical history. As discussed above, Croft's testimony was undermined by her inconsistent statements and clouded recollection of her medical history.
State Farm's cross-examination of Dr. Salinas also illustrated plausible alternative causes for her pain, which could have lead or contributed to the need for surgery. Dr. Salinas testified that pre-operative X-rays and magnetic resonance imaging revealed that Croft suffered from an arthritic degenerative disc disease which caused the narrowing of the disc space between her vertebrae, a degenerative straightening of her cervical spine, and bone spurs, which protruded into the spinal canal and were impinging upon the affected disc areas. Dr. Salinas indicated that it would have taken several months if not years for these conditions to develop sufficiently to be viewable on an X-ray and that the conditions predated the accident. Dr. Salinas also testified that the degenerative arthritic condition and bone spurs could produce a herniated or protruding disk and that bone spurs could be the source of pain, numbness, and tingling.
Based upon the testimony and evidence presented, the jury could reasonably have concluded that Croft's expert and non-expert witnesses were not credible, determined that preexisting conditions were the source of some of Croft's pain, and based thereon, concluded that the accident was not the proximate cause of claimed injuries or medical expenses. The jury had the opportunity to view the witnesses and determine their credibility, and simply chose to give more weight, regarding the proximate cause of the injuries, to the evidence of Croft's preexisting physical conditions.
A review of the record reveals competent, substantial and credible evidence supporting the jury's verdict. Moreover, given the jury's discretion and the evidence presented, we cannot say that the award of damages is so grossly disproportionate to the record as to shock the sense of justice and fairness, or that the jury failed to consider or include all the items of damages comprising Croft's claim. Accordingly, Croft's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
SHAW and BRYANT, J.J., concur.
[1] Iames v. Murphy (1995), 106 Ohio App.3d 627, 631, quoting Baileyv. Allberry (1993), 88 Ohio App.3d 432, 435. See, also, The Toledo Ry. Light Co. v. Mason (1910), 81 Ohio St. 463, at paragraph one of the syllabus.
[2] Wilson v. Johnson (1962), 118 Ohio App. 101, 103, (citations omitted).
[3] Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226, (citations omitted).
[4] Swan v. Skean (1974), 40 Ohio App.2d 307, 308-309; State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus; In reLieberman (1955), 163 Ohio St. 35, 38.
[5] Gerrick v. Anheuser Busch Co., (Dec. 11, 2000), Stark App. No. 2000CA00140, unreported, citing Weider v. Blazic (1994),98 Ohio App.3d 321, 335.
[6] Reder v. Antenucci (1989), 62 Ohio App.3d 139, 143-144; Datchuckv. Pollard (Aug. 4, 2000), Trumbull App. No. 99-T-0049, unreported;Mackey v. McCormick (Aug. 29, 1997), Trumbull App. No. 97-T-5517, unreported; Johnson v. Malone (Aug. 29, 1997), Trumbull App. No. 96-T-5513, unreported.
[7] Gerrick v. Anheuser Busch Co., (Dec. 11, 2000), Stark App. No. 2000CA00140, unreported; Wamer v. Pfaff (Mar. 31, 1998), Lucas App. No. L-97-1234, unreported; Muncy v. Jones (Jan. 19, 1984), Franklin App. No. 83AP-562, unreported.
[8] Johnson v. Malone (Aug. 29, 1997), Trumbull App. No. 96-T-5513, unreported.