OPINION
{¶ 1} Appellant Cherry Thomas appeals the verdict rendered in the Ashland County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} The accident giving rise to this lawsuit occurred on September 1, 1995, at the intersection of Route 42 and Route 250. On this date, Appellee Lisa Vesper negligently rear-ended a Ford Ranger pick-up truck stopped at the intersection to make a left turn, which, in turn, rear-ended appellant's Pontiac Grand Am. As a result of this accident, appellant filed suit against appellee on August 25, 1997. Since appellee admitted liability, the issues for trial concerned the extent of appellant's injuries and damages.
 {¶ 3} On March 13, 1999, at the conclusion of appellant's deposition, appellee's counsel requested that appellant submit to an independent medical examination. Appellant's counsel agreed to the examination. Appellee's counsel scheduled the examination for March 24, 1999, with Dr. Steiman. Appellant appeared for the examination and requested that she be permitted to tape record the examination. Dr. Steiman refused to permit appellant to tape record the examination and appellant refused to proceed with the examination unless she could record it. As a result of this dispute, the examination did not occur.
 {¶ 4} Thereafter, appellee filed a motion to compel the independent medical examination. The trial court granted said motion on April 7, 1999. Appellant appealed the trial court's granting of appellee's motion to compel. After unsuccessful appeals to this court and the Ohio Supreme Court, the trial court granted appellant another opportunity to submit to the independent medical examination on September 8, 1999.
 {¶ 5} Appellant appeared at Dr. Steiman's office, with her counsel, and requested that counsel be permitted to attend the independent medical examination. Dr. Steiman refused to conduct the examination in the presence of appellant's counsel. Thereafter, on September 13, 1999, appellee filed a motion to dismiss, which the trial court granted on October 26, 1999. Appellant appealed the trial court's decision. On July 25, 2000, we issued an opinion[1] reversing the trial court's dismissal of appellant's case. In our decision, we concluded appellant's attorney may be present for the independent medical examination; however, the trial court had discretion as to any objective recording of the independent medical examination. Upon remand, the trial court prohibited appellant from recording the independent medical examination.
 {¶ 6} To prevent the disqualification of appellant's trial counsel if needed as a rebuttal witness regarding the independent medical examination, co-counsel, Attorney Rahn Huffstutler, was retained and attended the medical examination with appellant. It was subsequently determined that Attorney Huffstutler would be needed as a rebuttal witness and he withdrew from the case on November 6, 2001.
 {¶ 7} Prior to the commencement of trial, appellant filed a subpoena duces tecum in which she requested records relating to Dr. Steiman's bias and pecuniary interest. Appellee filed a motion to quash. The trial court granted appellee's motion. This matter proceeded to trial on February 19, 2002. Attorney Huffstutler was prepared to testify that Dr. Steiman testified falsely about the independent medical examination. The trial court refused to permit such rebuttal testimony and permitted the introduction of Dr. Steiman's deposition testimony.
 {¶ 8} Following deliberations, the jury returned a verdict finding past medical expenses of $2,300 and past loss of income of $200. The jury awarded no damages for past pain and suffering, past loss of life's enjoyment and future damages. The trial court incorrectly journalized the jury's verdict as $2,300, which was subsequently corrected, in a nunc pro tunc judgment entry, reflecting the correct jury award of $2,500.
 {¶ 9} Appellant filed a motion for new trial on March 4, 2002. The trial court denied appellant's motion on March 29, 2002. Thereafter, appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 10} "I. The Trial Court Erred And Abused Its Discretion In Refusing To Require Defendants' (sic) Hired Professional Expert Witness, Gerald S. Steiman, M.D., To Produce His Records As A Professional Expert Witness, Thereby Denying Plaintiff A Fair And Reasonable Opportunity To Cross-examine Defendant's Hired Professional Expert Witness.
 {¶ 11} "II. The Trial Court Abused Its Discretion In Prohibiting Rebuttal Testimony By A Witness In Addition To Prohibiting Electronic Recording Of Defendant's Hired Professional Expert Witnesses' Examination Of Plaintiff.
 {¶ 12} "III. The Trial Court Erred And Abused Its Discretion By Submitting The Entire Video Testimony Of Defendant's Professional Hired Expert Witness To The Jury.
 {¶ 13} "IV. The Trial Court Erred In Refusing To Grant Plaintiff A New Trial As To Damages."
 I {¶ 14} In her First Assignment of Error, appellant maintains the trial court abused its discretion when it refused to require Dr. Steiman to produce his records, as a professional expert witness, and therefore, denied her a fair and reasonable opportunity to cross-examine Dr. Steiman. We disagree.
 {¶ 15} Pursuant to Evid.R. 616(A), "[b]ias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." However, Evid.R. 403(B) grants a court discretion to limit questioning if the "probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." An appellate court may not reverse a trial court's decision with respect to the scope of cross-examination absent an abuse of discretion. Calderon v. Sharkey (1982), 70 Ohio St.2d 218, 222. Specifically, cross-examination of a medical expert regarding the expert's bias and pecuniary interest is also subject to the sound discretion of the trial court. Id. at syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 16} Appellant's First Assignment of Error refers to a subpoena duces tecum appellant served on Dr. Steiman in which she requested records relating to Dr. Steiman's bias and pecuniary interest as an expert witness. Appellee filed a motion to quash the subpoena. The trial court granted appellee's motion. At trial, appellant claims the trial court made a statement indicating appellant was entitled to such information. Specifically, appellant refers to the following statement by the trial court:
 {¶ 17} "The primary reason for that, quite honestly, is the court feels Dr. Steiman has brought a good deal of this on himself by his approach to this situation.
 {¶ 18} "He certainly could have been and should have been more amendable and forthcoming to his personal finance information. It's information that the plaintiff and the court are entitled to.
 {¶ 19} "There was quite a bit of game-playing going on by the doctor here on that issue. And the court is making the finding that plaintiff's counsel is entitled to have the entire deposition with regard to those issues brought before the jury for whatever benefit they are. * * *" Tr. at 247-248.
 {¶ 20} Appellant concludes that because the trial court found, at trial, that she was entitled to such information, its decision to grant appellee's motion to quash the subpoena duces tecum was an abuse of discretion and resulted in prejudicial error. Based upon our review of the record, we conclude the trial court did not abuse its discretion. As noted above, the trial court permitted appellant to introduce Dr. Steiman's deposition with regard to the issues of bias and pecuniary interest.
 {¶ 21} Dr. Steiman's deposition contained the following information regarding his bias and pecuniary interest. First, Dr. Steiman performs five to twenty independent medical examinations per week. Depo. Dr. Steiman at 85. Second, Dr. Steiman performs the vast majority of medical examinations for defendants or for others trying to avoid spending money. Id. at 86. Third, Dr. Steiman's office earns a significant amount of money by performing independent medical examinations and his office, over the past five years, has made $2,913,718.44 in performing independent medical examinations or approximately $600,000 per year. Id. at 107-109. Finally, Dr. Steiman charges $1,025 per examination and $500 per hour for his deposition. Id. at 111. Further, the record indicates all of the records Dr. Steiman produced, at his deposition, which appellant believed had impeachment value were admitted into evidence at trial. Tr. Trial at 263-264.
 {¶ 22} We do not find the trial court abused its discretion concerning the issues of Dr. Steiman's bias and pecuniary interest. The record clearly establishes the trial court permitted appellant to present evidence regarding these issues. Appellant does not specifically refer to what other evidence she would have presented had the trial court not granted appellee's motion to quash the subpoena duces tecum issued to Dr. Steiman.
 {¶ 23} Accordingly, appellant's First Assignment of Error is overruled.
 II {¶ 24} Appellant contends, in her Second Assignment of Error, the trial court abused its discretion when it prohibited electronic recording of the independent medical examination performed by Dr. Steiman and rebuttal testimony from Attorney Huffstutler regarding the examination. We disagree.
 {¶ 25} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66; Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,271. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. It is based upon this standard that we review appellant's Second Assignment of Error.
 {¶ 26} Appellant first claims we should have permitted electronic recording of Dr. Steiman's independent medical examination. We addressed this issue, in appellant's first appeal, and concluded the trial court did not abuse its discretion when it determined appellant did not have a right to record the independent medical examination. Thomas v. Vesper, supra, at 9. Therefore, we will not address this issue again as it is now law of the case. "[T]he doctrine of the law of the case * * * establishes that the `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc., 81 Ohio St.3d 214, 218,1998-Ohio-465, quoting Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.
 {¶ 27} Appellant next claims the trial court abused its discretion when it prohibited Attorney Huffstutler from testifying regarding his observations of the independent medical examination performed by Dr. Steinman. The record indicates the trial court permitted appellant to testify regarding what occurred during the medical examination by Dr. Steiman. Tr. at 253-258. Thus, the evidence that appellant sought to have introduced at trial was admitted. We do not find the trial court abused its discretion when it permitted only appellant to testify about the medical examination and not Attorney Huffstutler. Although we stated, in our previous opinion, that appellant had a right to have counsel present during the medical examination, we did not state that counsel had a right to testify, at trial, about what occurred during the medical examination.
 {¶ 28} Appellant's Second Assignment of Error is overruled.
 III {¶ 29} Appellant maintains, in her Third Assignment of Error, the trial court abused its discretion by admitting into evidence the entire video taped deposition testimony of Dr. Steiman. We disagree.
 {¶ 30} Appellant makes several arguments under this assignment of error. First, appellant claims Dr. Steiman's testimony should not have been introduced, at trial, or a continuance should have been granted so she could have further explored the issues of bias and pecuniary interest. We concluded, in the First Assignment of Error, appellant was able to present testimony regarding Dr. Steiman's bias and pecuniary interest through the introduction of Dr. Steiman's deposition. Clearly, appellant wanted this evidence introduced to the jury. Appellant fails to cite to the specific testimony, in Dr. Steiman's deposition, that she claims should not have been introduced to the jury.
 {¶ 31} Appellant also argues Dr. Steiman based his opinion upon records which were never identified or offered into evidence and Dr. Steiman improperly read from a document not necessary to refresh his recollection. Although appellant makes these two statements, she presents no argument in support of these statements. Instead, appellant refers us to her memorandum in support of her motion to strike defendant's professional expert witnesses' testimony.[2] "The Rules of Appellate Procedure do not permit parties to `incorporate by reference' arguments from other sources." Willow Park Convalescent Home, Inc. v. Crestmont Cleveland Partnership, Cuyahoga App. Nos. 81147, 81259, at ¶ 73, citing Kulikowski v. State Farm Mut. Auto. Ins. Co., Cuyahoga App. Nos. 80102, 80103, 2002-Ohio-5460, at ¶ 55. "Pursuant to App.R. 16, arguments are to be presented within the body of the merit brief. Therefore, we will disregard any argument not specifically and expressly addressed in the appellate briefs." Willow Park Convalescent Home, Inc. at ¶ 73. Accordingly, we will not address appellant's claims that Dr. Steiman based his opinion upon records not offered into evidence and that Dr. Steiman improperly read from a document not necessary to refresh his recollection.
 {¶ 32} Appellant's Third Assignment of Error is overruled.
 IV {¶ 33} Appellant contends, in his Fourth Assignment of Error, the trial court erred when it denied his motion for new trial as to damages. We disagree.
 {¶ 34} The applicable standard of review in determining whether a trial court properly denied a motion for new trial is abuse of discretion. Highfield v. Liberty Christian Academy (1987),34 Ohio App.3d 311, paragraph three of the syllabus. Appellant argues she is entitled to a new trial because the record is clear that she suffered injuries, from the collision, pain, suffering and loss of ability to perform usual functions and the jury failed to consider this evidence. We conclude the trial court did not abuse its discretion when it denied appellant's motion for new trial. Appellant does not set forth the specific grounds, under Civ.R. 59(A), which she claims entitles her to a new trial. However, it appears appellant claims the jury's verdict was inadequate, Civ.R. 59(A)(4), and against the manifest weight of the evidence, Civ.R. 59(A)(6).
 {¶ 35} In determining whether a trial court abused its discretion by overruling a motion for new trial brought pursuant to Civ.R. 59(A)(4) and (6), an appellate court must review the entire record to see if an allegedly inadequate jury verdict was against the manifest weight of the evidence or based upon incompetent evidence or improper argument or conduct of counsel. Medvec v. Cook (Apr. 28, 1994), Cuyahoga App. No. 65183, at 2-3. A new trial may be granted on the ground that a jury's verdict was contrary to the weight of the evidence if the jury failed to consider an element of damages that was established by uncontroverted evidence. Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773-774.
 {¶ 36} In Wilson v. Johnson (1962), 118 Ohio App. 101, 103, the Seventh District Court of Appeals set forth the following analysis of the role of an appellate court in determining the adequacy of a verdict:
 {¶ 37} "* * * There is also a hesitancy to disturb as inadequate any verdict where the evidence discloses that the injury complained of might have resulted from another, earlier accident or from a cause unrelated to the accident. * * * It is similarly held where the extent of the injury is a much controverted issue. * * * This is true even though the verdict is less than hospital bills, doctor bills and loss of wages."
 {¶ 38} Based upon our thorough review of the record, we do not find the jury's verdict was swayed by passion or prejudice or that said verdict was overwhelmingly disproportionate as to shock reasonable sensibilities. It merely appears that the jury chose to give more weight to Dr. Steiman's testimony. Since there is competent, credible evidence to support the judgment, we cannot say that it was against the manifest weight of the evidence or contrary to law.
 {¶ 39} Appellant's Fourth Assignment of Error is overruled.
 {¶ 40} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P.J., and Boggins, J., concur.
[1] Thomas v. Vesper, (July 25, 2000), Ashland App. No. 99 COA 01332.
[2] Appellant also requests that we incorporate other motions, filed in the trial court, in her First and Fourth Assignments of Error. However, we will address the issues raised in these assignments of error because appellant sets forth arguments in support of these assignments of error.