OPINION
{¶ 1} Appellants Stacey and Robert Clemens filed a complaint for personal injury and loss of consortium in the Belmont County Court of Common Pleas stemming from an automobile accident. The case proceeded to jury trial on the issues of proximate cause and damages. Stacey's family doctor and her chiropractor testified at trial. Appellee Gerald S. Gilbert called a Civ.R. 35 rebuttal physician to testify, as well as a clinical psychologist. The jury awarded zero damages. Appellants filed a motion for a new trial based on inadequate damages. The court overruled the motion, and it is that judgment that forms the basis for the instant appeal. Appellants contend on appeal that the trial court should have ordered a new trial because Appellee's rebuttal expert witness agreed with Appellants' evidence that Stacey suffered physical injuries in the accident. Appellants specifically cite testimony from Appellee's witness Dr. Edwin H. Season, M.D., in which he concluded that Stacey suffered some muscle and ligament injuries in the accident. Appellants argue that the jury could not award zero damages when all the experts agreed that she sustained injuries.
 {¶ 2} A close inspection of the limited record provided on appeal indicates that Appellee's expert, Dr. Season, did not base his opinion on any physical or objective evidence, but rather, on Stacey's description of her prior symptoms. He presumed that Stacey was telling the truth and this led him to conclude that she had suffered some minimal muscle strain and ligament sprain injuries. Appellee's other expert, Dr. William R. Arnold, testified that Stacey exaggerated her injuries and used the accident as an opportunity to receive a financial windfall. Appellants' own expert *Page 2 
witnesses also based their conclusions primarily on what Stacey told them about her symptoms. It is clear that Stacey's credibility was a key issue in this case, particularly with respect to the experts who testified. If the jury did not find her to be credible, it was within the realm of reason to award zero damages. The trial court did not abuse its discretion in overruling the motion for a new trial, and the judgment is affirmed.
 HISTORY OF THE CASE {¶ 3} Stacey Clemens was involved in a low-speed automobile accident on June 10, 2004. She was stopped at a traffic light in Bridgeport, Ohio, when Appellee's car collided with her vehicle from behind. Appellants filed a complaint on November 4, 2004, in the Belmont County Court of Common Pleas, alleging injuries sustained in the automobile accident.
 {¶ 4} The case went to jury trial in June of 2006, on the issues of proximate cause and damages. The transcript of the trial was not made a part of the record on appeal. Thus, we are somewhat limited in our review of the matter. Four medical expert depositions were provided as part of the record on appeal, although it is not clear how much of each of these depositions was used at trial. Each party apparently presented two experts. Appellants appear to have relied on the deposition testimony of Dr. Monina M. Jao, M.D., who was Stacey's family doctor, and that of Gerald Booth, her chiropractor. Appellee presented the deposition testimony of Dr. Edwin H. Season, M.D., and that of a clinical psychologist, Dr. William Arnold, Ph.D. We cannot determine from the limited record presented whether any evidence was *Page 3 
offered of specific medical bills or other documented expenses that Appellants may have incurred related to the accident.
 {¶ 5} The jury awarded zero damages. Final judgment in favor of Appellee was entered on July 12, 2006.
 {¶ 6} On July 24, 2006, Appellants filed a motion for new trial. The basis of the motion was that they claimed Appellee's expert witness, Dr. Season, agreed with Appellants' own expert witnesses that Stacey had at least suffered muscle and ligament strains to her neck and upper back. Appellants argued that when the jury fails to consider an element that is proven by uncontroverted medical evidence, a motion for new trial should be granted. Appellee filed a rebuttal memorandum to Appellants' motion for new trial, arguing that the case hinged entirely on Stacey's credibility, and that the jury decided she was not credible. Appellee also argued that the jury was free to reject even the conclusions of the expert witnesses if there was other credible evidence undermining those conclusions. Appellee concluded that Stacey's credibility was a critical factor in the case, and since the jury did not believe Stacey, it could rightfully decide that no damages should be awarded.
 {¶ 7} The motion for new trial was summarily overruled on October 30, 2006. Appellants filed their appeal on November 29, 2006.
 ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING THE PLAINTIFFS' MOTION FOR NEW TRIAL." *Page 4 
 {¶ 9} This appeal challenges the trial court's ruling on a motion for a new trial. A motion for a new trial is governed by Civ.R. 59(A):
 {¶ 10} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 11} "* * *
 {¶ 12} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 {¶ 13} "* * *
 {¶ 14} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 15} "* * *
 {¶ 16} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
 {¶ 17} Civ.R. 59 allows, rather than mandates, a trial court to grant a new trial: "This rule provides that the trial court may grant a new trial if one of the specifically enumerated grounds exists or if good cause is shown. The rule does not require that the trial court grant a new trial, but, rather, the rule allows the court discretion to grant or not to grant a new trial." Eagle Am. Ins. Co. v. Frencho (1996),111 Ohio App.3d 213, 218, 675 N.E.2d 1312.
 {¶ 18} A trial court's decision to overrule a motion for a new trial is reviewed for abuse of discretion. Mannion v. Sandel (2001),91 Ohio St.3d 318, 321, *Page 5 744 N.E.2d 759. An abuse of discretion in this context connotes that the court's attitude is unreasonable, arbitrary, or unconscionable.Baker v. Dorion, 155 Ohio App.3d 560, 2003-Ohio-6834, 802 N.E.2d 176, ¶ 13. In deciding whether to grant a new trial, a trial court should, "abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result." Bland v. Graves
(1993), 85 Ohio App.3d 644, 651, 620 N.E.2d 920, quoting 6A Moore, Federal Practice (1992).
 {¶ 19} Appellants argue that Civ.R. 59(A) provides various grounds for a new trial, including when there are, "inadequate damages, appearing to have been given under the influence of passion or prejudice." Appellants contend that a new trial should be granted when the jury fails to consider an element of the case that is established by uncontroverted expert testimony, citing Scibelli v. Pannunzio, 7th Dist. No. 02CA175, 2003-Ohio-3488. In Scibelli, which was a medical malpractice case, a dentist failed to diagnose a tumor. All the experts at trial agreed that the delay in diagnosing the tumor necessitated the removal of some of the plaintiffs teeth, although the experts disagreed as to the number of teeth that were removed specifically due to the delay. The jury awarded no damages, and we reversed, holding that: "when it is clear that the jury failed to consider an element that was established by uncontroverted expert testimony, a trial court should grant a new trial." Id. at ¶ 19. Appellants contend that the rule established inScibelli should be applied in the instant case as well.
 {¶ 20} Appellants assert that both their expert witnesses agreed that Stacey suffered injuries in the car accident. Appellants also argue that Dr. Season, who was *Page 6 
Appellee's rebuttal expert witness as provided in Civ.R. 35, gave his expert medical opinion that Stacey had suffered an injury in the car accident: "It's my opinion, that she had strains. These are muscle and ligament injuries to both the neck and the upper back, and. I'm really talking about what we call chronic cervical and thoracic strains. Again, they are muscle and ligament injuries." (6/21/06 Depo. of Dr. Season, p. 20.) Appellants conclude that the jury was required to award some amount of damages because the experts who testified about Stacey's physical injuries agreed that she suffered at least muscle and ligament injuries.
 {¶ 21} Again, it is very difficult to fully review Appellants' issue on appeal because no trial transcript was ordered for this appeal. The only part of the transcript that Appellant submitted was the testimony of the expert witnesses, and it is not clear what part of that testimony was heard or used at trial. The record on appeal, therefore, is devoid of such important items as jury instructions, rulings on objections at trial, or even the exhibits that were introduced at trial. The record is also lacking the testimony of Stacey Clemens. There are some exhibits in the case file, including some defense exhibits that relate to medical bills, but there is no means of knowing whether these exhibits were actually introduced at trial, were actually admitted into evidence, were ever shown to the jury, or whether jury instructions were given relating to any medical bills. It is impossible to discern any other circumstances that occurred at trial that may have affected or limited the manner in which the jury interpreted the evidence. It does appear that any alleged errors regarding the jury's award of zero damages must be limited to more general and subjective damages, *Page 7 
such as damages for pain and suffering, since we cannot presume that specific medical bills were introduced at trial.
 {¶ 22} Appellee argues in rebuttal that Stacey's injuries, if they existed, were soft tissue injuries that could not be objectively identified. There were no indications of injuries in the x-rays taken after the accident, and Stacey apparently refused to submit to an MRI. Since the alleged injuries could not be validated by any objective evidence presented at trial, the jury was left to decide the case based on Stacey's subjective descriptions of her symptoms. If the extent of her injuries could only be established through Stacey's subjective responses to her doctors, Stacey's credibility was a crucial issue to be resolved at trial. Appellee argues that all the injuries in this case are based on subjective evidence, and that a new trial should not be granted when a jury fails to award damages for subjective injuries and subjective symptoms: "There seems to be a tendency not to disturb the verdict as inadequate where the diagnosis of injury depended upon subjective symptoms, especially when the credibility of the plaintiff was seriously questioned." Wilson v. Johnson (1962), 118 Ohio App. 101,103, 193 N.E.2d 527.
 {¶ 23} Appellee raises the fact that Dr. Season conducted his examination under the presumption that Stacey was being completely truthful when she described her symptoms, and he based his expert opinion on this presumption. Appellee suggests that the jury was not bound by this presumption. Hence, if the jury determined that Stacey was not credible, the jury could also question any expert opinions that relied on a presumption of Stacey's credibility. Appellee contends that *Page 8 
the jury simply did not believe Stacey, and that her credibility was the primary issue in dispute in this case.
 {¶ 24} From what we can review of this record, Appellee has the more persuasive argument. Assuming Dr. Season did at one point express his opinion that Stacey suffered some type of muscle strain or ligament sprain in the accident, that statement in and of itself does not mean that his opinion is credible, that it is reliable, or that it is uncontroverted by other statements that he or anyone else made at trial. Other parts of an expert's testimony may reveal inconsistencies and errors that qualify as rebuttal evidence. State v. Thompson (1987),33 Ohio St.3d 1, 11, 514 N.E.2d 407. More importantly, the trier of fact is not required to believe the expert giving the testimony. McCall v.Mareino (2000), 138 Ohio App.3d 794, 799, 742 N.E.2d 668. The trier of fact is free to believe or disbelieve any witness, including an expert witness. In re Baby Girl Doe (2002), 149 Ohio App.3d 717, 735,778 N.E.2d 1053. "Once properly before the court, the expert's conclusions became a matter for the trier of fact." State v. Hartman (2001),93 Ohio St.3d 274, 285, 754 N.E.2d 1150.
 {¶ 25} Furthermore, the facts of the instant case are different from those in the Scibelli case that Appellants have cited in support. All the experts in Scibelli clearly agreed, and based this agreement on objective x-ray evidence, that the dentist's delay in diagnosing a tumor resulted in the loss of one or more teeth based on the continued growth of the tumor. Contrary to Appellants' contention, there is no clear agreement of the experts in this case. Although some statements by Dr. Season, taken out of context, may appear to agree with some statements made by Appellants' *Page 9 
two medical experts, Dr. Season's testimony must be looked at as a whole and not piecemeal. Dr. Season found no objective basis to support Stacey's complaints of pain. (6/21/06 Depo. of Dr. Season, p. 24.) Dr. Season did not find any objective injuries, other than normal age-related arthritis. Stacey exhibited no signs of pinched nerves, ruptured discs, or any other neurological disorders. Dr. Season further testified that he was not in a position to question Stacey's sincerity, and he simply took what she told him about her pain and suffering at face value. (6/21/06 Depo. of Dr. Season, p. 24.) It appears that Dr. Season's complete testimony provided the jury with a number of reasons to question any conclusion that Stacey suffered physical injuries in the accident.
 {¶ 26} In a very similar, recent case, we held that a jury was free to reject the plaintiff's unrebutted medical expert testimony after it became clear at trial that the expert's opinions were based primarily on the plaintiff's subjective explanations of his symptoms and not on objective factors. Sims v. Dibler, 7th Dist. No. 05 JE 53,2007-Ohio-3035. Sims also involved a low speed rear-end automobile accident, similar to the accident in the instant case. The plaintiff did not complain of any injuries at the time of accident, but was later diagnosed as having a ruptured spinal disc. The plaintiff had a long history of back problems, including prior back surgery. There was no objective means of determining when the plaintiff's spinal disc injury had occurred, and the medical experts were all forced to rely on the plaintiff's own explanations of his symptoms, and the timing of those symptoms, in formulating their medical opinions. It became clear at trial, particularly through the plaintiff's own testimony, *Page 10 
that he was not completely truthful with his own doctors about his symptoms and his history of pain, and the jury found in favor of the defendant. The plaintiff filed a motion for a new trial, which was overruled. We affirmed the decision, concluding that the plaintiffs credibility was an issue at trial even as it related to how the medical experts reached their conclusions.
 {¶ 27} In the instant case, it appears there is no conclusive objective evidence, even from Appellants' own experts, that Stacey was injured in the accident. Stacey's personal physician, Dr. Jao, testified about two x-rays that were taken of Stacey immediately after the accident, but said there was no clear indication in these x-rays of any injury that was caused by the automobile accident. (6/8/06 Depo. of Dr. Jao, pp. 20-23.) Stacey's chiropractor, Gerald Booth, testified that the x-rays appeared to indicate some movement in two of Stacey's cervical discs. He testified that this movement was within allowable range, although it could indicate some type of sprain or strain. (6/27/06 Depo. of Gerald Booth, pp. 21.22.) He also testified that such strain and sprain injuries might cause pain or might not result in any symptoms at all. (6/27/06 Depo. of Gerald Booth, p. 41.)
 {¶ 28} The record indicates that Stacey did not follow through on her treatment plan with Gerald Booth. She saw him three times in one week, and then failed to return until five weeks later. She did not see him again until six weeks after that. Booth told her this was not the recommended treatment plan and was not consistent for treatment of injuries sustained in an automobile accident. (6/27/06 Depo. of Gerald Booth, pp. 36-37.) *Page 11 
 {¶ 29} It is worth noting that Dr. Season also concluded that Stacey might not have suffered any pain from the type of strains and sprains that typically result from the type of automobile accident involved in this case.
 {¶ 30} The record also indicates that Stacey did not submit to an MRI, even though Dr. Jao scheduled one for her. Thus, the x-rays appear to be the primary objective evidence that the experts used to determine if Stacey incurred any injuries, and the x-rays did not definitively indicate injury. There is no other objective evidence that any of the experts relied on to establish that Stacey suffered physical injuries in the accident. Thus, even Appellants' own expert witnesses did not clearly establish, through objective evidence, that Stacey suffered an injury in the accident.
 {¶ 31} As noted earlier, Appellants have limited themselves to arguing that the jury should have awarded some damages for Stacey's subjective symptoms of injury, such as pain and suffering. The doctors in this case testified that pain and suffering cannot be objectively measured. All the expert witnesses were limited to interpreting Stacey's own explanations and reactions as to how much pain she was experiencing. According to Dr. Arnold, Stacey was chronically depressed most of her life for reasons that had little or nothing to do with the June 10, 2004, car accident. Her stated symptoms did not match any other objective evidence of physical injury. All the expert witnesses relied on Stacey's own descriptions of her symptoms as a primary factor in evaluating her condition. Stacey's testimony is not available as part of the record on appeal, but it is clear from the jury's verdict that the jury did not find her to be completely credible. *Page 12 
 {¶ 32} There is no conclusive evidence of any permanent or ongoing injury caused by the accident. Furthermore, even if Appellant was correct in saying that all the experts agreed Stacey suffered some type of muscle strain and ligament sprain as a result of the accident, that conclusion does not automatically mean Stacey had compensable pain and suffering. It is clear from the various experts that muscle and ligament strain do not necessarily result in any pain, even though pain is usually associated with such injuries. Since the entire issue regarding whether the jury should have compensated Stacey for her pain and suffering was dependant on Stacey's credibility, and even the abbreviated record before us contains substantial attacks on her credibility, it supports the jury's decision to award zero damages. The jury did not render a seriously erroneous verdict. There was no abuse of discretion in the trial court's decision to overrule Appellants' motion for a new trial and the judgment of the Belmont County Court of Common Pleas is hereby affirmed.
 Donofrio, J., concurs. DeGenaro, P.J., concurs. *Page 1