[Cite as *Perry v. Carter*, 2011-Ohio-4214.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| CYNTHIA PERRY, et al., | : | William B. Hoffman, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiffs-Appellants | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 10CA117 |
| | : | |
| | : | |
| | : | |
| MATTHEW CARTER | : | O P I N I O N |
| Defendant-Appellee | | |


CHARACTER OF PROCEEDING:  Civil Appeal from Richland County
Court of Common Pleas Case No.
07CV1843H

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  August 19, 2011

APPEARANCES:

For Plaintiffs-Appellants

JOHN K. RINEHARDT, ESQ.
John K. Rinehardt Law Firm
2404 Park Avenue West
Mansfield, Ohio 44906

For Defendant-Appellee

FRANK G. MAZGAJ, ESQ.
Hanna, Campbell & Powell, LLP
P.O. Box 5521
3737 Embassy Parkway
Akron, Ohio 44334

*Edwards, J.*

{¶1} Appellant, Cynthia Perry, appeals a judgment of the Richland County Common Pleas Court overruling her motion for new trial. Appellee is Matthew Carter.

STATEMENT OF FACTS AND CASE

{¶2} In 2003, appellant was involved in a very serious automobile accident in which the driver of the other vehicle was killed. Appellant was in the hospital for nine days with neck pain, back pain and a torn rotator cuff.

{¶3} In 2005, appellant was in a second automobile accident in which she was struck from the rear by a vehicle driven by appellee. There was minimal vehicle damage and appellant was wearing a seat belt. Appellant sought treatment from Dr. Chris Gehrisch, a chiropractor. In April 2006, she returned to her job as a forklift operator with no restrictions, where she was employed until she was laid off in 2007. She subsequently found employment as a medical secretary at the Kidney Center.

{¶4} Appellant filed the instant action in 2007 seeking damages for neck injuries received during the 2005 collision. Appellee admitted negligence in the accident and the case proceeded to jury trial on the issue of damages only. Appellant presented evidence that she had ongoing neck pain from the accident that had not been resolved. The jury returned a verdict in favor of appellant in the amount of $20,521.42. The jury completed an interrogatory breaking down the award as $13,000.00 in medical expenses, $7,521.42 in lost income, and $0 for pain and suffering. Appellant filed a motion for new trial, arguing the jury's verdict of $0 for pain and suffering was against the weight of the evidence. The court overruled the motion, finding that contradictory

evidence was presented as to the cause of any neck pain experienced by appellant. She assigns a single error on appeal:

{¶5} "THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF-APPELLANT'S MOTION FOR NEW TRIAL ON NON-ECONOMIC DAMAGES."

{¶6} Appellant argues that the court erred in overruling her motion for new trial because the evidence that she incurred pain and suffering as a result of the 2005 accident was uncontroverted. She also argues the jury considered improper evidence concerning the 2003 accident.

{¶7} We first address appellant's claim that the verdict was inadequate and not sustained by the weight of the evidence.

{¶8} Civ. R. 59 provides in pertinent part:

{¶9} "(A) Grounds

{¶10} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: ...

{¶11} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case; ..."

{¶12} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

{¶13} It is well settled in the State of Ohio "where the inadequacy of the verdict is so gross as 'to shock the sense of justice and fairness,' or where the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or where it is apparent that the jury failed to include all the items of damage making up plaintiff's

claim, the judgment entered on such verdict may be set aside by a reviewing court as being manifestly against the weight of the evidence and contrary to law. *Toledo Rys. & Light Co. v. Mason,* supra;[1] 2 Ohio Jurisprudence (App. Rev., Pt. I), 1660, Section 877." *Sherer v. Smith* (1949), 85 Ohio App. 317, 322, 88 N.E.2d 426.

{¶14} The denial by a trial court of a motion for a new trial is subject to reversal on appeal only upon demonstration the trial court abused its discretion. *Yungwirth v. McAvoy* (1972), 32 Ohio St.2d 285, 291 N.E.2d 739; and *Siegel v. Mt. Sinai Hospital* (1978), 62 Ohio App.2d 12, 23, 403 N.E.2d 202, 210. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶15} A reviewing court must view the evidence in a light most favorable to the trial court's decision, rather than in favor of the nonmoving party. *Jenkins v. Krieger* (1981), 67 Ohio St.2d 314, 423 N.E.2d 856. This court does not weigh the evidence in reviewing a decision on a motion for a new trial. *Mannion v. Sandel* (2001), 91 Ohio St.3d 318, 744 N.E.2d 759.

{¶16} In *Wilson v. Johnson* (1962), 118 Ohio App. 101, 103, 193 N.E.2d 527, the Seventh District Court of Appeals set forth the following analysis of the role of an appellate court in determining the adequacy of a verdict:

{¶17} " * * * There is also a hesitancy to disturb as inadequate any verdict where the evidence discloses that the injury complained of might have resulted from another, earlier accident or from a cause unrelated to the accident. * * * It is similarly held where

---

[1] The complete cite is *Toledo Rys. & Light Co. v. Mason* (1910), 81 Ohio St. 463, 91 N.E. 292.

the extent of the injury is a much controverted issue. * * * This is true even though the verdict is less than hospital bills, doctor bills and loss of wages."

{¶18} Appellant relies on *Garaux v. Ott*, Stark App. No. 2009 CA 00183, 2010 - Ohio- 2044, in which this Court held that the jury's verdict, awarding zero damages for pain and suffering to a contractor whose hands were burned in a fire at homeowners' house, was inadequate and against weight of the evidence. This Court held that the trial court abused its discretion in failing to grant a new trial on the issue of damages where there was unrefuted evidence that the contractor suffered pain and suffering as result of burns on his hands, was unable to perform his usual activities, was unable to shower due to his bandages, could not play with his grandchildren, and was unable to help his wife, who was blind, clean the house. Appellant also relies on *Hlas v. Willoughby* (April 6, 2009), Stark App. No. 2008CA00150, unreported, in which this Court found that the jury's finding of no proximate cause in a case in which negligence was undisputed was against the manifest weight of the evidence and the trial court therefore erred in failing to order a new trial.

{¶19} However, this Court has also found that where the evidence is contradicted concerning the cause of the plaintiff's complaints of pain, a $0 damage award for pain and suffering does not require a new trial even when the jury awarded damages for other things, such as medical expenses and/or lost wages. See, e.g., *Seymour v. Pierson,* Stark App. No. 2005CA00218, 2006-Ohio-961 (jury as trier of fact could reasonably have concluded that appellant's complaints of pain were related to later accidents, rather than the accident in this case); *Chambers v. Jenkins*, Stark App. No. 2007CA00131, 2008-Ohio-638 (verdict not against the weight of the evidence

where plaintiff's testimony and medical notes were in contradiction and no evidence was presented to differentiate between ongoing symptoms and possible aggravation of pre-existing conditions); *Thomas v. Vesper*, Ashland App. No. 02COA20, 2003-Ohio-1856 (jury apparently chose to give more weight to independent medical exam); *Parsons v. Kelley* (August 23, 1999), Delaware App. No 98CAE10052 (where x-rays were not abnormal and testimony concerning pain is therefore subjective, question of pain and suffering is one of credibility).

**{¶20}** In the instant case, while there was evidence that appellant's x-rays showed an abnormal straightening of the natural curve in her neck, the evidence is uncontroverted that this curve was not caused by the 2005 accident. Dr. Raymond Candage testified that this problem in her neck predated the 2003 accident, and was a degenerative disease of the spine which placed her at greater risk for problems in the future from a variety of activities including falling, lifting things and ice skating. Tr. 22-23. There was evidence that while appellant claimed her neck problems from the 2003 accident had been completely resolved, she told Dr. Gehrisch on her initial examination that her neck problems from the 2003 accident had not been completely resolved. She had seen her family doctor nine months before the 2005 accident for neck pain. There was evidence that after both the 2003 and 2005 accidents, she returned to work operating a forklift, which could play a role in causing neck pain due to the degenerative disease in her spine. There was evidence that she did not seek medical attention for her neck between 2006 when she finished treatment with Dr. Gehrisch and 2009.

**{¶21}** Based on the evidence presented, the jury could have concluded that appellant failed to prove by a preponderance of the evidence that the pain she

experienced in her neck was caused by the 2005 accident and not by the 2003 accident or from any of a variety of normal life activities which place her at greater risk for neck and/or back problems due to the degenerative disc disease and the abnormal lack of curvature in her neck which predated even the 2003 accident. The jury also could have found that her neck pain was caused by a combination of events and she failed to prove what portion was caused by the 2005 accident by a preponderance of the evidence. The court did not abuse its discretion in overruling the motion for new trial on this basis.

{¶22} We next address appellant's claim that the court erred in overruling the motion for new trial because the jury considered inadmissible evidence concerning the 2003 accident. While this argument is framed in an unusual way given that appellant has only assigned error to the judgment denying new trial, appellant appears to be arguing that the court should have granted a new trial pursuant to Civ. R. 59(A)(4), which provides:

{¶23} "(A) Grounds

{¶24} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: ...

{¶25} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice; ..."

{¶26} In order to determine whether passion or prejudice affected the jury's damage award the appellate court must consider: (1) the amount of the verdict and (2) whether the jury considered improper evidence, improper argument by counsel, or other inappropriate conduct which had an influence on the jury. *Dillon,* 72 Ohio App.3d at 774, 596 N.E.2d at 505. To support a finding of passion or prejudice, it must be

demonstrated that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities. *Pena v. Northeast Ohio Emergency Affiliates, Inc.* (1995), 108 Ohio App.3d 96, 104, 670 N.E.2d 268; *Jeanne v. Hawkes Hosp. of Mt. Carmel* (1991), 74 Ohio App.3d 246, 257, 598 N.E.2d 1174, 1181; *Pearson v. Cleveland Acceptance Corp.* (1969), 17 Ohio App.2d 239, 245, 246 N.E.2d 602, 606. There must be something contained in the record to which the complaining party can point that "wrongfully inflamed the sensibilities of the jury." *Shoemaker v. Crawford* (1991), 78 Ohio App.3d 53, 65, 603 N.E.2d 1114.  The mere size of the verdict is insufficient to establish proof of passion or prejudice. *Jeanne,* 74 Ohio App.3d at 257, 598 N.E.2d at 1181; *Pearson,* 17 Ohio App.2d at 245, 46 O.O.2d at 415, 246 N.E.2d at 606.

{¶27}  Where past lawsuits request remuneration for permanent injuries to the same body parts, a potential for overlapping damages arises and the evidence of the other suits is relevant for the purpose of showing that the plaintiff's present physical condition is not the result of the injury presently sued for, but was caused in whole or in part by an earlier injury or pre-existing condition.  *Dunkleberger v. Hay*, Franklin App. No. 04AP-773, 2005-Ohio-3102.  In the instant case, despite appellant's arguments in her brief, the appellee did not attempt to portray her as an "opportunist" or "litigious" through the use of this evidence.  Rather, the evidence was used to demonstrate that there were other potential causes of her neck pain.  There is nothing in the record we can point to which wrongfully inflamed the sensibilities of the jury.

**{¶28}**  The assignment of error is overruled.

**{¶29}**  The judgment of the Richland County Common Pleas Court is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0616

[Cite as *Perry v. Carter*, 2011-Ohio-4214.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CYNTHIA PERRY, et al.,                    :
                                          :
          Plaintiffs-Appellants          :
                                          :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
MATTHEW CARTER                            :
                                          :
          Defendant-Appellee             :          CASE NO. 10CA117


      For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.


                                                _____


                                                _____


                                                _____

                                                         JUDGES