BAKER et al., Appellants,

v.

DORION, Appellee.

[Cite as *Baker v. Dorion,* 155 Ohio App.3d 560, 2003-Ohio-6834.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–309.

Decided Dec. 16, 2003.

Wilcox, Schlosser & Bendig Co., L.P.A., and Jacob A. Schlosser, for appellants.

Crabbe, Brown & James, Michael R. Henry and Amanda C. Baker, for appellee.

BOWMAN, Judge.

{¶ 1} Appellants, Glenda and Michael Baker, filed a complaint in the Franklin County Municipal Court against appellee, Megan Dorion, alleging negligence in failing to maintain proper control of her vehicle, failure to maintain a proper lookout, and failure to maintain an assured clear distance. Appellants sought damages for injuries suffered by Glenda and loss of companionship and consortium by Michael. After a jury trial, the jury found in favor of appellants but awarded no damages. Appellants filed a motion for new trial, which was overruled. Appellants filed a notice of appeal and raise the following assignments of error:

### Assignment of Error No. 1

"The trial court committed prejudicial error by entering judgment on the jury's zero verdict in that clearly inadequate damages were awarded and the verdict was against the manifest weight of the evidence."

### Assignment of Error No. 2

"The trial court abused its discretion in denying plaintiffs' motion for a new trial."

{¶ 2} The assignments of error are related and will be discussed together. By the first assignment of error, appellants contend that the trial court erred by entering judgment because the jury's award of zero damages was inadequate and against the manifest weight of the evidence. By the second assignment of error, appellants contend that the trial court abused its discretion in denying their motion for new trial.

{¶ 3} This negligence action arose from an automobile accident that occurred on March 6, 2001. Appellee admitted that she collided with the Pontiac Grand Prix that Glenda was driving. Glenda was stopped and waiting to turn left into a

driveway when appellee hit her from behind. Glenda testified that prior to the accident, her health was "pretty good" except that she suffered migraine headaches. The impact of the vehicles was "pretty hard" because "a Coke went flying," and the impact was not a "little bump" nor "extreme" but "in between." Glenda testified that at the time, she felt fine but later that evening she had a headache and the muscles in her neck started tightening and getting knots. She went to the emergency room the next day and was given medication and diagnosed with a strain and was advised to follow up with a doctor. She was referred to Franklin Park Physical Medicine by her attorney, where she was treated with physical therapy and gradually improved by the next three to six weeks. She testified that she is mostly recovered but still has occasional problems and pain.

{¶ 4} On cross-examination, Glenda stated that she did not telephone the police after the accident because she believed everything was fine and she did not notice any damage to the car she was driving until later. She did not hit anything inside the car upon impact, such as the steering wheel, and the air bags did not deploy. Two of her sons were also in the vehicle and neither one was injured.

{¶ 5} Oneda Baker, Glenda's mother-in-law, testified that before the accident, Glenda's health was fair but she did get migraines and had back problems from the type of work she performed. Baker also stated that after the accident, Glenda moved slowly, her neck hurt, and it was several months before she gradually began feeling better. Because Baker lived with appellants, she was able to help take care of the children because Glenda was unable to do much. Baker also testified that Glenda still has problems because her neck gets stiff and she often has headaches.

{¶ 6} Mary Thomas, Glenda's neighbor and employer, also testified. Thomas was part-owner of B & M Construction and Drywall and employed Glenda to hang drywall, lay ceramic tile, and do other construction projects at $9 per hour. Glenda was driving Thomas's car at the time of the accident. Thomas stated that Glenda missed six weeks of work as a result of the accident and averaged 35 hours of work per week which resulted in $1,890 in lost wages; however, on cross-examination, Thomas admitted that her records demonstrated that Glenda had averaged less than 24 hours per week in January, February, and March, immediately preceding the accident. Thomas stated that she had 35 hours a week available for Glenda to work because there was more work for her company in March and April than in January and February.

{¶ 7} Glenda's husband, Michael, also testified that initially Glenda appeared to be fine after the accident but after one or two days, her neck started getting stiff. Glenda spent most of the time on the couch, not doing anything, and she had trouble sleeping. It took approximately six or seven weeks before she started

feeling better, and at trial time, she was still not fully recovered. He also testified that their physical relationship was strained for approximately six weeks.

{¶ 8} Orin Hall, M.D., testified that he treated Glenda for a cervical sprain, thoracic sprain, and a lumbosacral sprain, which is commonly referred to as a whiplash-type injury. He treated her with medicine and physical therapy. She was discharged on April 16, 2001, and, at that time, her range of motion had improved and her pain levels were significantly decreased, although she still reported mild pain with motion in her neck and back. Dr. Hall believes the injuries were caused by the accident, although he had not treated Glenda before the accident.

{¶ 9} Finally, appellee, Megan Dorion, testified that she had been 17 at the time of the accident and had been on her way to work at Hallmark. She did not immediately see that Glenda's car was stopped, but when she did, she slammed on her brakes and was only traveling approximately five to seven miles per hour at the time of impact. There was no damage to her car, and she did not see any damage to the car Glenda was driving. Appellee stated that at the time of the accident, Glenda said everyone was fine.

{¶ 10} Appellants argue that because the jury awarded no damages, the jury's verdict was inadequate, against the manifest weight of the evidence, and cannot be reconciled with the uncontroverted evidence of pain, suffering, medical expenses, lost income, and loss of consortium, and that the trial court should have granted them a new trial. Judgments that are supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

{¶ 11} Civ.R. 59(A) permits a new trial to be granted upon the following grounds:

"A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

"* * *

"(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

"* * *

"(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case[.]"

{¶ 12} In *Mannion v. Sandel* (2001), 91 Ohio St.3d 318, 744 N.E.2d 759, the Supreme Court of Ohio examined the requirements for granting a new trial. The

court was guided by the first paragraph of the syllabus of *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685, which provides:

"Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court."

{¶ 13} Thus, we review a trial court's decision under the abuse-of-discretion standard. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 14} Appellants contend that *Basye v. Whitlock* (Nov. 12, 1981), Franklin App. No. 81AP–314, 1981 WL 3589; *Harris v. Roadway Express, Inc.* (Jan. 17, 1985), Franklin App. No. 84AP–131, 1985 WL 9823; and *Dillon v. Bundy* (1991), 72 Ohio App.3d 767, 596 N.E.2d 500, require the jury to award some damages.

{¶ 15} In *Basye,* the plaintiff filed an action seeking damages for an automobile accident. The issue on appeal was whether the jury's award of damages was against the manifest weight of the evidence so that the trial court's refusal to grant a new trial amounted to an abuse of discretion. The jury awarded plaintiff $2,000 but her medical bills alone amounted to $3,898.38. This court found that the necessity and reasonableness of plaintiff's damages was proved at trial and, once the jury found for plaintiff on the issue of liability, it was required to award her at least the amount of her special damages for medical expenses and the amount of general damages for pain and suffering that were proven.

{¶ 16} In *Harris,* the plaintiffs were also involved in an automobile accident and the medical expenses totaled $18,924. A doctor testified that these expenses were necessary and reasonable. The jury awarded $4,100 for past medical expenses. The plaintiffs appealed, claiming that the trial court had erred in not granting their motion for judgment notwithstanding the verdict or new trial. As in *Basye,* the defendants contested the type of medical treatment prescribed by plaintiffs' physicians, rather than the necessity of the medical expenses, and this court found that because the evidence of special damages was uncontroverted, the trial court should have granted the motion for new trial.

{¶ 17} In *Dillon,* the plaintiffs were also involved in an automobile accident and sought damages for injuries sustained. The jury found no comparative negligence on the part of either plaintiff and awarded $7,800 in damages. The plaintiffs filed a motion for new trial contending that the damages were clearly inadequate in light of the evidence regarding both the severity of the injuries and the amount of the medical bills, which exceeded $11,000. The trial court denied the motion, and on appeal, this court affirmed, finding that the defendant's

medical expert testified that the medical treatment rendered on behalf of plaintiffs was not necessitated by the injuries. Appellants cite this case for the proposition that a new trial should be granted where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. While, as a general statement this may be correct, in *Dillon,* and in this case, the expert testimony was not uncontroverted because the issue herein was whether the medical treatment was necessitated by the accident rather than whether the type of medical treatment received was appropriate, as in *Basye* and *Harris.*

{¶ 18} In several cases this court has determined that when the necessity of medical tests or treatments are in dispute, rather than the defendant questioning the type of treatment the plaintiff received, the jury award may be less than medical expenses, and we have distinguished *Basye* and *Harris.* See *Moore v. Jock* (Sept. 5, 1991), Franklin App. No. 91AP–102, 1991 WL 355138; and *Millard v. CSX Transp., Inc.* (Feb. 10, 1998), Franklin App. No. 97APE05–717, 1998 WL 63546. In this case, appellee contested the necessity of the medical treatment and demonstrated, through cross-examination, that the accident was minor, that Glenda suffered from headaches and back pain prior to the accident, and, through appellee's testimony regarding the accident, that the vehicles were not damaged. Thus, appellee contested whether the injuries arising from the accident justified such treatment and this case is distinguishable from *Basye* and *Harris.* The judgment is not against the manifest weight of the evidence, and the trial court did not abuse its discretion in denying appellants' motion for new trial. Appellants' assignments of error are not well taken.

{¶ 19} For the foregoing reasons, appellants' assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

Judgment affirmed.

KLATT and SADLER, JJ., concur.