OPINION
{¶ 1} Timothy M. Soter appeals from the trial court's decision and entry overruling his motion for the return of money withheld from his paychecks pursuant to a child-support withholding notice issued by the Montgomery County Child Support Enforcement Agency ("CSEA").
 {¶ 2} Soter advances two assignments of error on appeal. First, he contends the trial court violated his equal-protection rights by refusing to require his former employers, appellees Dean Shields and American Made Cycles, Inc. ("AMC"), to return the money withheld from his paychecks.[1]
Second, he claims the trial court abused its discretion by refusing to issue orders to assist him in recovering the money withheld from his paychecks. In support of this assignment of error, Soter reiterates objections that he previously raised to a magistrate's decision in this case. For their part, Shields and AMC have not favored us with an appellate brief.
 {¶ 3} Based on the reasoning set forth below, we conclude that Soter has failed to demonstrate an equal-protection violation. We also see no error in the trial court's ruling on some of his objections to the magistrate's decision. We do find, however, that the trial court erred in treating the withholding notice at issue as nonbinding and unenforceable and in failing to award Soter any attorney's fees. Accordingly, we will affirm in part and reverse in part the judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, and remand the cause for further proceedings consistent with this opinion.
 Factual and Procedural Background {¶ 4} Soter and his former wife obtained a dissolution in May 2001. As part of the dissolution proceedings, the trial court ordered Soter to pay child support. Thereafter, in July 2002, an administrative "order/notice" was issued directing AMC to deduct $510 per month from Soter's paychecks for child support and to forward it to the CSEA within seven days of the withholding.
 {¶ 5} After receiving the withholding notice, AMC President Dean Shields contacted a representative of Paychex, Inc., a company that he uses to process his payroll. In accordance with Shields' instructions, Paychex began withholding $510 per month from Soter's paychecks. For some reason, however, the money was not forwarded from Paychex to the CSEA. Soter's ex-wife, Holly, advised him of this fact, and he brought it to Shields' attention several times. Shields failed to take any action, however, telling Soter "it was a Paychex issue" that was "out of [his] hands."
 {¶ 6} The foregoing problem appears to have continued until February 14, 2003, when the trial court filed an agreed entry, which, for unexplained reasons, suspended Soter's child support obligation and found no arrearage. Soter subsequently filed an August 11, 2003, "motion to return funds." Therein, he sought to recover from AMC, Dean Shields, and/or Paychex $1,018.80 that allegedly had been withheld from his paychecks but never forwarded to the CSEA. Soter also requested attorney's fees, costs, and unspecified sanctions.
 {¶ 7} Soter's motion proceeded to a hearing before a magistrate. Based on testimony presented at the hearing, the magistrate found that, after the filing of Soter's motion, Paychex had returned the $1,018.80 to Shields, who then personally had forwarded the money to the CSEA via a check. As for Shields' earlier lack of effort to rectify the problem, the magistrate reasoned: "There is no court order of record which required Dean Shields, American Made Cycles, Inc., or Paychex, Inc., to deduct or forward any child support money to the [C]SEA or Ohio Child Support Payment Central. American Made Cycles, Inc., only received a `notice' to withhold and, therefore, they have not violated any court order. There is no court order requiring Paychex, Inc., to do anything and, therefore [it] is not in violation of any court orders." The magistrate then overruled Soter's motion, finding that "there is no violation of any court orders and there has been evidence of the payment of the funds owing paid to the Ohio Child Support Central."
 {¶ 8} Soter subsequently filed a number of objections to the magistrate's ruling as it pertained to AMC and Shields. First, he objected to the magistrate's finding that AMC and Shields had not violated any court order. He asserted that the withholding notice had the legal effect of a court order and was enforceable against Shields and AMC. Second, he objected to the magistrate's finding that Shields had forwarded $1,018.80 to the CSEA. He argued that there was no evidence of the money being sent by Shields or received by the CSEA. Third, he objected to the magistrate's failure to order AMC and Shields to pay the money to the CSEA. Fourth, he objected to the magistrate's failure to find AMC and Shields in contempt for failure to send the money to the CSEA when it was due. Fifth, he objected to "the fact that the [m]agistrate failed to order [AMC and Shields] to provide proof that said money had been paid, and to set a review hearing to force [AMC and Shields] to prove that the money had actually been sent to the CSEA by producing a cancelled check for said payment." Sixth, he objected to the magistrate's failure to order AMC or Shields to pay the attorney's fees he had incurred in this matter. In support, Soter argued that Shields knew his child support payments were not being forwarded to the CSEA but took no action to correct the problem until after he filed his motion to return funds.
 {¶ 9} On February 5, 2004, the trial court filed a short decision and entry overruling Soter's objections and "dismissing" his motion to return funds. The trial court rejected Soter's objections with little discussion, stating:
 {¶ 10} "The movant objects to the magistrate's findings that there has been no contempt by the movant's former employer and their payroll service, Paychex, Incorporated, and that there was no evidence of any funds still owing to Ohio Child Support Central. The barrier to finding a contempt is the simple fact that the employer was sent a `notice' to withhold, not an order. While some of the [C]SEA documents are marked `notice/order,' they do not contain the requisite language nor do they bear a judge's signature.
 {¶ 11} "The movant may well have some action against the Third-Party Respondents [AMC, Shields, and Paychex] for money that was withheld from his paycheck and not properly forwarded to Ohio Child Support Central. However, the magistrate reached the conclusion that, after investigation by the [C]SEA and the Prosecutor's Office, an agreed entry was filed by the parties suspending further child support and setting the arrearage to zero. In other words, the parties to this action were apparently satisfied that no more child support was owed and none was owed for past arrearages. The court has no interest in pursuing the movant's former employer since the child support account has apparently been satisfied.
 {¶ 12} "The objections are hereby overruled." (Doc. #52 at 2-3).
 {¶ 13} After it overruled Soter's objections, the trial court independently "dismissed" his motion to return funds and ordered him to pay the costs of the action. This timely appeal followed.
 II. Analysis {¶ 14} In his first assignment of error, Soter contends the trial court violated his equal-protection rights by refusing to require AMC and Shields to return the money withheld from his paychecks. This argument involves the trial court's statement that it had "no interest in pursuing the movant's former employer since the child support account has apparently been satisfied." Soter infers from this statement that the trial court violated his constitutional right to equal protection under the law.
 {¶ 15} Unfortunately, the nature of the asserted equal-protection violation is unclear. In his assignment of error, Soter argues that "[h]e has as much right to seek redress from the Montgomery County Domestic Relations Court for a wrong that has been done to him due to the court's Notice/Order as does a woman or a man who is owed child support and who is not receiving the child support because the employer has withdrawn it from the employee's paycheck but failed to send the money in to the Support Enforcement Agency, and who asks the Court for assistance." In other words, Soter appears to argue that the trial court treated him differently as a child-support obligor than it treats child-support recipients. We note, however, that just like a child-support recipient who is owed money, Soter did "seek redress" in the trial court. The trial court simply ruled against him on the merits of his motion. After reviewing the record, we find no equal-protection violation. Accordingly, we overrule Soter's first assignment of error.
 {¶ 16} In his second assignment of error, Soter claims the trial court abused its discretion by refusing to issue orders to assist him in recovering the money withheld from his paychecks. In support of this contention, he reiterates objections to the magistrate's opinion that he raised in the trial court. First, he contends the trial court erred in treating the withholding "order/notice" as a non-binding notice rather than an enforceable court order. Second, he claims there is no proof of Shields ever sending $1,018.80 to the CSEA or of the agency ever receiving the money. Third, he reiterates his objection regarding the magistrate's failure to order Shields to pay the money that had been withheld from his paychecks and failure to make a contempt finding for non-compliance with the withholding notice. Fourth, he reiterates his argument that the magistrate should have required AMC or Shields to pay his attorney's fees in this action. Fifth, he claims the trial court should have issued an order requiring Shields to forward his child support payments to the CSEA.
 {¶ 17} Upon review, we note that the trial court failed to address some of the foregoing objections, at least expressly. For example, the trial court's decision and entry fails to discuss Soter's objection to the magistrate's factual finding that, after the filing of his motion, Paychex sent $1,018.80 to Shields, who then personally forwarded the money to the CSEA via a check. The magistrate reached this conclusion based on the testimony of Shields himself. In opposition to Shields' testimony, however, Soter testified that the CSEA had not received the money as of a few days before the hearing. In his objection to the magistrate's ruling, Soter stressed Shields' failure to provide the magistrate with a cancelled check to prove his payment of the money. Despite Shields' objection, we find nothing in the trial court's decision and entry expressly discussing it.[2] Likewise, the trial court's twoparagraph analysis fails to address Soter's objection to the magistrate's failure to award him attorney's fees in connection with his motion. At the end of its decision, however, the trial court stated that Soter's "objections are hereby overruled," and it "dismissed" his motion. Therefore, the trial court's decision and entry necessarily overruled all of Soter's objections, even if only by implication. SeeMcClain v. McClain, Champaign App. No. 02CA04, 2002-Ohio-4971. Given that the trial court overruled all of Soter's objections and dismissed his motion, we are satisfied that the ruling is a final order.[3]
Consequently, we will proceed to the merits of Soter's remaining assignment of error.
 {¶ 18} With regard to Soter's first argument, we agree that the trial court erred in finding the withholding "order/notice" issued by the CSEA to be an unenforceable "notice" rather than a binding court "order." Under R.C. § 3121.03 a withholding notice may be issued by a court or a child support enforcement agency. After receiving a withholding notice, an employer such as AMC is required to withhold support payments from an obligor's paycheck and to send the money to the office of child support within seven days of withholding. R.C. § 3121.03(A)(1) and (2); R.C. §3121.037(A)(2). These obligations are binding on the employer, and they are enforceable by a court. R.C. § 3121.03(A)(2); R.C. § 3121.037(A)(3); R.C. § 3121.33; R.C. § 3121.35. Thus, the fact that Shields received the withholding "notice/order" from an administrative agency does not diminish the mandatory nature of the obligations imposed or the trial court's ability to enforce them. The trial court erred in concluding otherwise.
 {¶ 19} As for Soter's next argument regarding a lack of proof that Shields ever sent $1,018.80 to the CSEA, the record contains evidence supporting the magistrate's and, implicitly, the trial court's conclusion that Shields did send the money.[4] In his decision, the magistrate found that, after the filing of Soter's motion, Paychex returned the $1,018.80 to Shields, who forwarded the money to the CSEA. This finding was based on Shields' hearing testimony, which the magistrate appears to have accepted as true. Although Soter stresses Shields' failure to produce a cancelled check to prove payment, Shields' hearing testimony alone constituted evidence which, if believed, was sufficient to support the magistrate's factual finding.
 {¶ 20} In his third argument, Soter contends the trial court should have ordered Shields to pay the money that had been withheld from his paychecks and should have made a contempt finding for Shields' non-compliance with the withholding order. We find no merit in either assertion. As noted above, the magistrate found, and the trial court implicitly agreed, that Shields already had paid the CSEA the money by the time of the hearing. As a result, we find no error in the trial court's refusal to order Shields to make the payment again. With regard to the contempt issue, we note that Ohio Administrative Code § 5101:1-30-413(F) sets forth a procedure for finding a "payor" such as AMC in contempt for noncompliance with a withholding notice.[5] It provides:
 {¶ 21} "If [the] CSEA sends a notice imposing a withholding or deduction requirement or any other appropriate requirement to a person and the payor or financial institution fails to comply with the notice, the CSEA shall request the court to issue, without an additional hearing, a court order requiring the payor or financial institution to comply with the withholding, deduction, or other appropriate notice sent by the agency immediately or be held in contempt of court. If the court issues the requested order and if the payor or financial institution does not comply with the withholding, deduction or other appropriate order of the agency that is the subject of the court order immediately, it is in contempt of court."
 {¶ 22} In the present case, neither Soter nor the CSEA ever sought a separate order requiring AMC to comply with the withholding notice or face contempt of court. Moreover, we note that Soter's motion did not even mention the issue of contempt. Instead, it merely requested unspecified "sanctions" for "the constant accusations made against him that he was not paying his child support, and the time and effort required by him to defend himself against said accusations." It is questionable whether this language adequately put Shields on notice of Soter's intent to seek a contempt finding. In any event, the magistrate's finding that Shields eventually paid the $1,018.80 to the CSEA precludes a finding of civil contempt, which appears to be, at most, what Soter sought. The purpose of civil contempt is to compel compliance with a court order. Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253. But if Shields already had paid the money by the time of the magistrate's hearing, then there was nothing else for him to do. As a result, we find no error in the trial court's failure to make a contempt finding.
 {¶ 23} In his fourth argument, Soter contends the magistrate should have required AMC or Shields to pay his attorney's fees in this action. Unfortunately, neither the magistrate nor the trial court explicitly addressed the issue of attorney's fees. As we explained above, however, by overruling Soter's objections and "dismissing" his motion, the trial court implicitly rejected his request for attorney's fees. We review the trial court's ruling on this issue for an abuse of discretion. Whitt v.Whitt, Greene App. No. 2003-CA-82, 2004-Ohio-5285.
 {¶ 24} In order for a court to award attorney's fees, the award must be authorized by statute or based on the court's determination that the party ordered to pay fees has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons. Mays v. Mays, Miami App. No. 2000-CA-54. In the present case, Soter did not identify any statutory authority underlying his request for attorney's fees. Therefore, we must presume that he sought a fee award based on an argument that AMC and Shields acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons when, prior to the filing of his motion, they failed to satisfy the obligation to have his child support payments forwarded to the CSEA.[6]
 {¶ 25} Having reviewed the record before us, we conclude that the trial court abused its discretion by not awarding Soter at least some attorney's fees for Shields' obdurate failure to comply with the withholding notice until after Soter filed his motion. As we previously explained, the withholding notice was binding on AMC, and it obligated the company to withhold money from Soter's paychecks and to forward the funds to the CSEA within seven days of withholding. At the hearing, Shields testified that he used Paychex, Inc., as his payroll service and that Paychex deducted the child support payments from Soter's paychecks. Shields also admitted knowing that Paychex was not forwarding the withheld money to the CSEA. He conceded that Soter had mentioned the problem to him "numerous times." He then explained that he never contacted Paychex about the problem because it "was out of his hands," "was a Paychex issue," and "wasn't my responsibility." According to Shields, he had "a business to run" and "other things to do."
 {¶ 26} Under the terms of the withholding notice, however, AMC was responsible for forwarding the withheld money to the CSEA. The company could not avoid this responsibility by delegating it to an agent acting on its behalf such as Paychex. As a result, when Shields discovered that Paychex was not forwarding the child support payments to the CSEA, it was his problem and his responsibility to rectify the problem. His obdurate failure to do so until after Soter filed his motion justifies an award of attorney's fees pursuant to the trial court's inherent authority. Moreover, the fact that the magistrate and the trial court found Soter's motion to be without merit does not preclude an award of attorney's fees. In light of the magistrate's finding that Shields ultimately had sent the $1,018.80 to the CSEA, Soter was not entitled to the primary relief requested in his motion, namely the return of his money from Shields (who no longer had it). But we nevertheless find an award of attorney's fees warranted, given that Soter's motion to return funds appears to have prompted Shields to send the money to the CSEA, albeit in a tardy fashion.
 {¶ 27} Having determined that an award of attorney's fees is proper, we next must determine who should pay the fees. On appeal, Soter argues that the trial court erred in failing to order either Shields, individually, or AMC to pay attorney's fees. We note, however, that officers of a corporation generally are not liable for a corporation's obligations. See, e.g., Falkiewicz v. Blackburn, 155 Ohio App.3d 562,565, 2003-Ohio-677; R.C. § 1702.55(A). In the present case, the withholding notice directed AMC to withhold money from Soter's paychecks and to forward the money to the CSEA. Neither in the trial court nor on appeal has Soter made any attempt to establish that the corporate veil should be pierced to hold Shields, the president of the company, personally responsible for AMC's failure to comply with the withholding notice. The burden of demonstrating that the corporate form should be disregarded rests with Soter. Falkiewicz, 155 Ohio App.3d at 565. Given his failure to present any argument on this issue, we find that the only appropriate party to pay attorney's fees is AMC.
 {¶ 28} The remaining issue is the amount of attorney's fees to be awarded. Soter's attorney provided the magistrate with an affidavit setting forth attorney's fees of $1,147 and paralegal fees of $232.50. Upon review, we conclude that the trial court is in the best position to assess the reasonableness of these fees in the first instance. This is particularly true given the parties' apparent disagreement about whether the hearing held by the magistrate even was necessary. When testifying before the magistrate, Shields stated that he had tried to settle the matter without the need for a hearing. Upon questioning from the magistrate, Soter initially agreed that he had passed up an opportunity to accept a check from Shields to make him whole prior to the hearing. He then testified, seemingly contradictorily, that the settlement effort had failed because Shields would not give him the check. Neither the magistrate nor the trial court made any factual findings as to whether Soter could have avoided a hearing by accepting a check from Shields for the amount owed. Resolution of this issue plainly will impact the reasonableness of the attorney's fees incurred in this case. As a result, we will remand the matter to the trial court to determine the amount of attorney's fees to which Soter is entitled.
 {¶ 29} In a final argument, Soter claims the trial court should have issued an order requiring Shields to forward the child-support payments to the CSEA. We find this argument to be unpersuasive. As noted above, the magistrate found, and the trial court implicitly agreed, that Shields already had sent the money withheld from Soter's paychecks to the CSEA. Thus, the trial court did not err in failing to order Shields to do so again.
 III. Conclusion {¶ 30} Based on the reasoning set forth above, Soter's first assignment of error is overruled. His second assignment of error is sustained in part and overruled in part. The second assignment of error is sustained insofar as Soter contends the trial court erred in treating the withholding "order/notice" at issue as a non-binding notice rather an enforceable court order. Given our determination that the withholding "order/notice" was binding on AMC, we also sustain Soter's second assignment of error on the issue of attorney's fees. Because Soter's filing of his motion appears to have precipitated Shields' eventual compliance with the withholding order/notice, we believe Soter is entitled to some attorney's fees even though the trial court overruled his motion. For the reasons set forth more fully above, however, we will leave it to the trial court, on remand, to determine what amount of fees is appropriate.
 {¶ 31} The judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, is hereby affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with this opinion.
 {¶ 32} Judgment affirmed in part, reversed in part, and cause remanded.
Wolff, J., and Grady, J., concur.
[1] At all relevant times, Soter was employed by AMC. Dean Shields is the owner and president of the company. In connection with his motion for the return of money withheld from his paychecks, Soter named AMC and Shields, individually, as thirdparty defendants, along with Paychex, Inc., a company that Shields used to process his payroll.
[2] Instead, the trial court merely noted that no additional child support was owed and no arrearage existed. These undisputed facts do not resolve Soter's motion. Rather, they appear to have precipitated it. Precisely because he no longer owed any child support, Soter moved to have AMC, Shields, and/or Paychex return his money to him. The magistrate found that Shields eventually had sent the money to Paychex. Soter objected to this finding, and the trial court failed to discuss the objection.
[3] Although neither party has raised this issue, we always have an independent responsibility to examine our jurisdiction to hear an appeal.
[4] As we explained above, the trial court did not explicitly address this objection to the magistrate's decision. But the trial court did overrule all of Soter's objections, thereby implicitly upholding the magistrate's finding on the issue.
[5] Under R.C. § 3121.01(E), a "payor" is defined to include "any person or entity that pays or distributes income to an obligor[.]"
[6] In Haas v. Haas, Miami App. No. 2002-CA-24, 2002-Ohio-6375, we recognized that a trial court has the inherent power to award attorney's fees when a party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons.