{¶ 51} The majority correctly and thoroughly discusses the evidence and accurately articulates the applicable law. However, I must dissent from the conclusion reached by the majority.
 {¶ 52} As the majority states, appellee never contested the issue of liability, and the question for the jury was how much of appellant's extensive medical claims and expenses were proximately caused by the accident. As the majority points out, Dr. Stephens testified she believed appellant suffered certain injuries as a result of the accident. In fact, Dr. Stephens agreed with defense counsel there was no dispute appellant was injured in the accident, T. at 36-37.
 {¶ 53} In Brown v. Mariano, Lorain App. No. 05CA008820,2006-Ohio-6671, the Ninth District Court of Appeals reviewed a case where liability was admitted and the parties stipulated the plaintiff had suffered "some injury", but the jury awarded zero damages. The trial court overruled the motion for new trial. The court of appeals affirmed, finding the jury was entitled to believe the medical testimony the injuries the plaintiff claimed at trial were not due to the accident. The court found the jury could have believed the testimony the injury to the plaintiff was minor and resolved itself in a few days.Brown is distinguishable from the case at bar because in the instant case there was no testimony the accident was so minor as to cause only minor injuries.
 {¶ 54} The Brown court cited our case of Seymour v. Pierson, Stark App. No. 2005A00218, 2006-Ohio-961, wherein we found the plaintiffs injuries were unverifiable and based solely on her subjective complaints. We based our opinion in part on testimony the appellant did not miss any work or school as a result of the accident, nor *Page 17 
did she miss any of her monthly commitments to the Army Reserves. When appellant spoke with her mother six or seven hours after the accident, she did not indicate she was injured or suffering from any pain and she told the police at the scene of the accident that she was fine.Seymour is distinguishable from the case at bar because inSeymour the plaintiff received nothing for pain and suffering but did recover her medical expenses.
 {¶ 55} The Brown opinion also cites Baker v. Dorion,155 Ohio App. 3d 560, 2003, Ohio-6834. Baker also involved an automobile accident. Therein, the jury awarded zero damages and the appellate court affirmed the denial of a new trial on the basis that the jury heard evidence of the minor nature of the accident and evidence the plaintiff suffered from similar injuries prior to the accident. However, Baker is also distinguishable from the instant case because in Baker the defense did not concede the accident proximately caused any injury.
 {¶ 56} By way of contrast, the Second District reviewed Lovett v.Wenrich, Montgomery Co. App. No. 19497, 2003-Ohio-4587, a case on all fours with the case at bar. In Lovett, Wenrich admitted negligence and that Lovett had suffered some injury as a result of his negligence. The jury was instructed that its duty was to decide the nature and extent of Lovett's injury and determine the damages. After the jury returned a verdict for Lovett in the amount of zero dollars, Lovett filed a motion for a judgment notwithstanding the verdict, or in the alternative a new trial.
 {¶ 57} On appeal, the court of appeals noted three doctors testified at trial, and all agreed Lovett sustained an injury proximately caused by the automobile accident, *Page 18 
and the injury would not have subsided any earlier than two or three weeks after the accident.
 {¶ 58} The court of appeals also listed the trial court's extensive reasons for accepting the jury verdict: (1) The impact or collision was minimal; (2) The Plaintiff did not complain of injuries at the scene; (3) The plaintiff drove his vehicle from the scene of the accident; (4) The plaintiff did not seek medical treatment for alleged injuries until three weeks after the accident; (5) The Plaintiffs medical records indicated that his physician had treated him for similar complaints (pre-existing intermittent neck complaints since 1994); (6) The Plaintiff was involved in another accident within a short time after this accident and sought treatment for neck and other ligament strains; (7) The Plaintiff was discharged by his treating physicians and by a pain management clinic for being non-compliant; and (8) Diagnostic testing consisting of MRI's and x-rays referred to by the Plaintiffs treating physicians reflect that the Plaintiff was suffering from pre-existing degenerative disc disease.
 {¶ 59} The court of appeals held: "Although these facts could possibly be used to explain a very minimal award of damages, they do not adequately explain an award of zero damages." Id. at paragraph 29. The court of appeals concluded the verdict was against the manifest weight of the evidence, and the trial court erred in not granting a new trial.
 {¶ 60} Here, the uncontraverted medical evidence from all three doctors was that appellant was injured in the accident. The defense's expert testified appellant suffered a cervical strain, bilateral shoulder strain, and trapezius muscle strain requiring medical treatment of three to six months. I find the jury's verdict is inadequate, because at a *Page 19 
bare minimum, appellant was entitled to compensation for the injuries defense's expert conceded. I would sustain the assignment of error and remand the matter for a new trial.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1