TONTI, APPELLANT, *v.* MORRISON, APPELLEE.

[Cite as Tonti v. Morrison (1971), 29 Ohio App. 2d 273.]

(No. 71-97—Decided October 13, 1971.)

*Messrs. Smith, Clark & Holzapfel,* for appellant.
*Messrs. Crabbe, Newlon, Potts, Schmidt, Brown & Jones,* for appellee.

Holmes, J. This matter involves an appeal by the plaintiff, appellant herein, of a jury verdict in the amount of $2,250 rendered in his favor in a negligence action based upon injuries sustained by such plaintiff in a rear end collision which took place on July 1, 1968, on Norton Road in Franklin County, Ohio.

The plaintiff alleged among other things in his petition that "he sustained an aggravation of a pre-existing condition of the lumbar spine," and that the current injury was superimposed upon a prior injury, and that, as a consequence, he had incurred certain medical expenses, automobile repair expense not covered by insurance to the extent of $100, car rental expense, and alleged pain and suffering.

At the trial of this matter, the plaintiff was questioned upon cross-examination concerning a prior accident which occurred in 1963 when he had fallen from a collapsing entryway canopy roof at a country club construction job.

Counsel for the plaintiff objected to such questions as not being relative to the issues to be determined in the present action.

The trial court then asked the defense counsel whether the defense expected "to tie this up with the claim in this case?"

To this query the defense counsel answered as follows: "We expect to show that he suffered back injuries in this accident, fractured wrist and a concussion."

Additionally, over the objection of the plaintiff's counsel, the trial court admitted the defendant's Exhibit A, which was a photograph of the demolished country club canopy from which this plaintiff had fallen and sustained injuries in 1963.

Also, in closing statement, counsel for the defendant referred to the plaintiff's fall from the country club canopy roof and to the picture of such roof, all the while speaking of those injuries as though they were related in some manner to the injuries complained of by the plaintiff in his petition.

However, the record shows that there was no evidence adduced by the defendant to show that there was any relationship whatsoever between the injuries previously received and those for which the present action was brought.

The court, in overruling the motion of the plaintiff to instruct the jury to disregard any reference to the previous accident, stated as follows:

"The motion No. 1 is overruled. First of all, there is always some question in every case as to relationship between the injury or some previous injury and what particular thing happened in this accident. In my judgment the jury is entitled to know the complete background and any previous accident that the Plaintiff has been in * * *."

We feel that the trial court permitted the defense counsel to range near the peripheral limitation, if not beyond the allowable limitation, of cross-examination, as to the plaintiff's other prior injuries. The general rule is set forth in the annotation in 69 A. L. R. 2d 593, at page 596:

"Most of the cases in which the question has been raised have held or recognized that the plaintiff may properly be cross-examined as to his previous injuries, physical condition, claims, or actions for injuries similar to that constituting the basis of the present action, for the purpose of showing that his present physical condition is not the result of the injury presently sued for, but was caused, wholly or partially, by an earlier injury or pre-existing condition * * *."

In the instant case, the plaintiff had alleged an aggravation of a pre-existing back condition, and questioning going to such prior back injuries or other injuries similar to those alleged would be proper, but general questions relating to the circumstances of the prior accident and fall from the country club canopy without relating the prior injuries to the present injuries raises a serious question of error.

The relevancy of the testimony concerning the prior accident and resulting injuries was never established by the defense. The comments of counsel in closing argument

referring to such prior accident further accentuated that which was irrelevant. It was error for the trial court not to have instructed the jury to disregard all of such testimony and references.

However, we must hold that the court's failure to do so did not result in prejudicial error in this regard in that the court gave a proper instruction to the jury on the issue of the aggravation of a pre-existing injury.

On the other hand, the matter of admitting the testimony relating to the photograph of the site of the previous accident, and the later allowance of such picture in evidence as Exhibit A was quite a different thing. We feel that the display of such picture and questions concerning the destruction of the canopy from which this appellant had fallen, and the distance he had fallen, may well have unduly influenced the jury as to the question of damages.

The plaintiff was awarded $2,250 by the jury as compensation for his injuries sustained in the automobile accident. The jury, in the absence of the testimony, exhibits, and comments of defense counsel relative to the prior injury, could well have returned quite another verdict in favor of the plaintiff.

To the extent that the jury had paraded before them the matter of the falling canopy and resulting injuries, and may have been influenced thereby in the amount of the verdict rendered, this plaintiff has been prejudiced.

It is our opinion, therefore, that the trial court committed error prejudicial to this plaintiff, and that the latter should be afforded a new trial of his action.

The judgment of the Franklin County Common Pleas Court is hereby reversed and this matter remanded for a new trial.

*Judgment reversed and cause remanded.*

TROOP, P. J., and STRAUSBAUGH, J., concur.