OPINION
{¶ 1} Plaintiffs-appellants, Diane J. and Richard Dunkelberger, appeal from a June 2004 judgment by the Franklin County Court of Common Pleas, upon a jury verdict rendered in favor of defendants-appellees, William T. and Natalie Hay, in this slip-and-fall personal injury action. For the reasons stated below, we affirm.
 {¶ 2} In the evening hours of March 11, 1998, Mrs. Dunkelberger, while walking a dog on the sidewalk through her Groveport neighborhood, came to appellees' driveway and had to walk around parked cars that were blocking the sidewalk. As Mrs. Dunkelberger walked across the apron of the driveway, she encountered an expansion joint between concrete slabs, and she allegedly lost her footing and injured her right ankle.
 {¶ 3} In September 2002, appellants initiated this personal injury action asserting that appellees were negligent in parking vehicles over the sidewalk and in maintaining a known defective condition. Appellants additionally charged that appellees were negligent per se for parking vehicles over the sidewalk in violation of a local ordinance.
 {¶ 4} The trial court entertained appellants' motion for partial summary judgment and appellees' motion for summary judgment. In its December 2003 decision on these motions:
 {¶ 5} 1. The court partially granted appellants' motion on the basis that, unless it could be shown that the vehicle blocking the sidewalk was there for less than one hour, appellees were negligent per se for blocking the drive in violation of the relevant Groveport ordinance. Thus, the court concluded that genuine issues of fact remained as to the purpose of the vehicle's presence and the length of time it was there. The court also found that issues of fact remained regarding whether appellees' alleged negligence proximately caused Mrs. Dunkelberger's injuries.
 {¶ 6} 2. The court also partially granted appellees' motion for summary judgment on the issue of whether appellees maintained a known defective condition on their property. The court stated:
* * * Even construing the evidence most strongly in Plaintiff's favor, reasonable minds can reach but one conclusion (1) that any slight unevenness in the driveway concrete was not so great as to constitute a "defective condition" sufficient to give rise to a duty to repair or warn, and (2) the Hays had no knowledge of any such "defective condition." The Hays, as the owners or occupiers of the property, had a limited common law duty to licensees such as plaintiff to refrain from willful and wanton conduct. Parking one's car across a sidewalk does not rise to the level of recklessness that could constitute "willful and wanton" conduct. Therefore, judgment is rendered in favor of the Hays on the issue of whether they failed to satisfy their common law duties to Plaintiff as owners and occupiers of the property.
The Defendants' summary judgment motions are otherwise denied. Genuine issues of material fact exist as to (1) whether the Hays were negligentper se, and (2) whether the Hays' alleged negligence proximately caused Plaintiff's injuries.
 {¶ 7} The matter proceeded to trial, during which appellees presented evidence of Mrs. Dunkelberger's other injury-causing accidents and related lawsuits, additionally commenting about these incidents and lawsuits during closing argument. As detailed below, the trial court admitted much of this evidence, but cautioned the jury that it could consider this evidence only in relation to its connection to the damages claimed in the present action. The court also denied appellees' motions for directed verdict at both the conclusion of appellants' case and at the close of evidence, declaring that the negligence issue was appropriate for the jury to determine. The jury entered a general verdict in favor of appellees. Appellants now appeal, raising the following assignment of error:
The trial court erred and abused its discretion by allowing appellees to introduce evidence of prior and subsequent unrelated personal injuries, unrelated automobile accidents, and subsequent unrelated lawsuits.
 {¶ 8} Appellees have filed a conditional cross-appeal in which they assert:
The trial court committed error by denying Appellees' Motion for Directed Verdict on the issue of liability.
 {¶ 9} We address appellants' assignment of error first. Appellants argue that the trial court erred and abused its discretion by allowing appellees to introduce evidence of prior and subsequent injuries, automobile accidents, and lawsuits involving appellants. As to this question, appellants correctly note that our standard of review on the admission of evidence is whether the court abused its discretion.Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. Generally, "abuse of discretion" means more than an error of law or judgment. Rather, it implies that the court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, citing State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 10} In brief, the evidence in question involved four incidents: (1) Mrs. Dunkelberger fell in June 1997 and suffered an injury; (2) Mrs. Dunkelberger was in an auto accident in February 2000, she sustained injuries, and she and Mr. Dunkelberger filed a related lawsuit; (3) Mrs. Dunkelberger was in an auto accident in November 2000, she sustained injuries, and she and Mr. Dunkelberger filed a related lawsuit; and (4) Mrs. Dunkelberger was in an accident in October 2002, but had not filed a related lawsuit as of the date of trial. Appellees' use of this evidence was the subject of a motion in limine. Just before the start of the trial, the court ruled:
My ruling on the motion in limine is as follows: Any of the other incidents involved here there's going to be no mention of them with the exception that the Defense can point to a medical record that connects that incident to some injury to the right ankle, or if the claims for relief in the other incidents overlap with claims for relief in this incident, then the jury is going to need to sort those things out.
So before you mention something, you better have some document in hand to show me that connects these things, or else don't mention it.
(Vol. I Tr. at 7.)
 {¶ 11} During cross-examination of Mrs. Dunkelberger, appellees' counsel asked: "Now, isn't it true that you have been involved in other accidents where you claimed that you sustained permanent injuries and also an inability to perform certain life activities?" (Vol. I Tr. 95.) Appellants' counsel objected, and the court overruled the objection. Following this exchange, the court and counsel held a sidebar during which appellants' counsel raised "a continuing objection to this line of questioning" and renewed his objection to the evidence based on appellees' failure to lay a foundation. (Vol. I Tr. at 96.) The court reiterated its ruling: "So that everybody is on the same page, we're only going to talk about incidents where there's evidence to relate it to right ankle or where there are damages claimed out of these other incidents that could overlap with the damages claimed in this particular case." (Vol. I Tr. at 98.) The court allowed lengthy discussion with counsel and gave appellees' counsel latitude to lay the proper foundation, i.e., a connection to Mrs. Dunkelberger's ankle injury. Barring that foundation, the court stated: "[Y]ou can make a motion to strike, and if I'm being led down the primrose path here, then I will explain to the jury what has happened. There is always a motion for a mistrial." (Vol. I Tr. at 101.)
 {¶ 12} Appellees' counsel presented to Mrs. Dunkelberger the complaint related to the February 2000 auto accident and, over appellants' counsel's objection, asked questions relating to her alleged injuries and her claims in the complaint. The complaint included claims of permanent injuries to her neck, back, chest, and "various other parts of her body," and, as a result of those injuries, that she had been unable to engage in her normal life activities and enjoyment. (Vol. I Tr. at 103.)
 {¶ 13} Appellees' counsel also presented to Mrs. Dunkelberger the complaint related to the November 2000 auto accident and, without objection from appellants' counsel, asked questions about her related injuries and claims. Appellant had claimed permanent injuries and an impact on her life activities in that lawsuit as well.
 {¶ 14} Appellees' counsel then asked Mrs. Dunkelberger if she had been in any other accidents. She said that she had been in another auto accident in October 2002. He asked her about her injuries relating to that accident, and the following exchange occurred:
Q. Isn't it true that you told your treating doctor, Dr. Lee, that you were concerned that in that accident your right foot or ankle took the majority of the impact?
A. Not the majority of the impact, but that I was concerned that it could have caused a problem. Being that I had been through so much already with my ankle, I didn't want any other problems.
(Vol. I Tr. 108.) Appellees' counsel showed Mrs. Dunkelberger Dr. Lee's medical record, which stated: "Although she is not sure if this is related, she is concerned that her right foot is what took the impact while they got rear-ended." (Vol. I Tr. at 109.)
 {¶ 15} Finally, appellees' counsel asked Mrs. Dunkelberger if she had injured her right leg or ankle before she fell in appellees' driveway. She stated: "I fell, stubbed my toe and fell." (Vol. I Tr. at 110.) Appellees' counsel asked her about a medical record from her family doctor, Dr. McCarty. She had seen Dr. McCarty three weeks after the June 1997 fall, and he noted then that she had pain in her ankle, as well as a contusion. During cross-examination, Mrs. Dunkelberger also testified that she had forgotten about the fall, and so she had not raised it with her treating physician, Dr. Lee, the independent medical expert, Dr. Schlonsky, or opposing counsel at her deposition.
 {¶ 16} On re-direct, appellants' counsel asked Mrs. Dunkelberger about these incidents. His questioning brought out Mrs. Dunkelberger's lack of legal experience and lack of specific knowledge of the complaints in the related lawsuits. She also testified that she had not been treated for ankle injuries relating to the auto accidents. And she explained the circumstances surrounding the June 1997 injury, which she described as non-permanent.
 {¶ 17} Appellants' counsel subsequently moved to strike Mrs. Dunkelberger's cross-examination, based on a lack of foundation. The court denied the motion to strike, but stated:
* * * I think what is appropriate here is an explicit instruction about what they can use that information for. I'm going to invite you to craft that, and what it needs to be is along the lines of this evidence was admitted for a very limited purpose, and it's the things we discussed in the motion in limine. * * *
(Vol. I Tr. at 141-142.) Appellees' counsel continued to argue that the jury could consider the other claims. The court reiterated that a limiting instruction would allow the jury to determine "how these other incidents may have overlapped into the area of damages that [appellants are] requesting." (Vol. I Tr. at 143.)
 {¶ 18} During closing argument, appellees' counsel again referred to the other injuries and accidents. He first stated:
We learned during the discovery phase of this case that she has a habit of getting in accidents and blaming other people and filing lawsuits and asking for money. She has filed three lawsuits in this Court within the last five years.
Not only that, she told you on the stand that she was involved in an October 2002 rear end motor vehicle accident where she hadn't filed suit yet, but she has got a lawyer. She has got a lawyer.
(Vol. II Tr. at 34.) Appellants' counsel did not object.
 {¶ 19} Later in closing argument, appellees' counsel also stated: "Here we are six years later in a lawsuit for money, with a woman asking for significant money. Of course, it is similar to her other lawsuits." (Vol. II Tr. at 37.) Upon appellants' counsel's request, the court and counsel held a sidebar. Appellants' counsel objected to appellees' counsel using "a reference to the other motor vehicle accidents for the specific purpose of labeling my client as a litigious person, as a vexatious litigator." Id. After discussion with both counsel, the court stated: "I am going to sustain the objection. I am going to give the jury a very brief, limited instruction right now about what they can use this evidence for and what they cannot use the evidence for, and then we will continue with the argument." (Vol. II Tr. at 39.) The court then stated to the jury:
Ladies and gentlemen, you are going to get instructions from me in writing. I want to caution you right now, I allowed the evidence in concerning, I believe it was three automobile traffic accidents, and one other, we will call it a slip and fall incident in the yard, where the Plaintiff fell, I let that in for a very limited purpose. The only purpose that you are allowed to use that evidence for is on the question of damages and whether or not the damages alleged in these other incidents might overlap into the damages that are claimed in this incident. That is it. That is the only purpose that you can use that evidence for. * * *
(Vol. II Tr. at 39-40.)
 {¶ 20} Subsequently, appellees' counsel told the jury that he did not think they needed to even reach the question of damages. He first argued, essentially, that Mrs. Dunkelberger's injuries from her fall in appellees' driveway were not that serious and that her condition improved quickly. Using the evidence of Mrs. Dunkelberger's prior and subsequent injuries and accidents, he attempted to shed doubt on her belief that her injuries, treatments, and claims all related to her fall in appellees' driveway. In his discussion, appellees' counsel raised each incident specifically and drew a connection to Mrs. Dunkelberger's claims. For example, as to the February 2000 accident, he stated: "And why is that lawsuit related? It is related because in that lawsuit filed in this Court as a result of that accident, she also claimed permanent injuries. She also claimed permanent disability. She also asked for money. That is why it is related." (Vol. II Tr. at 50.) As to the November 2000 accident, he stated: "Why is it related? It is related for the same reason. Again, she claimed permanent injury, she claimed permanent damage, just like she is doing in this case. The claims overlap, ladies and gentlemen, and again, she asks for money." Id.
 {¶ 21} Appellees filed proposed jury instructions, interrogatories, and verdict forms. Those proposals do not include an instruction concerning the jury's use of the evidence relating to Mrs. Dunkelberger's other injuries and accidents. Our record contains no proposed jury instructions filed by appellants.
 {¶ 22} The court read to the jury, and gave to the jury in writing, the following instruction:
Evidence was presented concerning traffic accidents and a June 1997 incident.
You may consider whether the alleged damages in those incidents overlaps with the alleged damages in this case.
You may not use evidence of the other incidences for proof of anything else in this case.
 {¶ 23} Following deliberation, the jury rendered a unanimous verdict in favor of appellees. A jury interrogatory asked: "Were the defendants negligent and did that negligence directly and proximately cause any injury to the plaintiff?" The jury answered unanimously, "No." Because they rendered a defense verdict, the jury did not reach the question of damages.
 {¶ 24} Appellants argue here that appellees' use of Mrs. Dunkelberger's prior and subsequent injuries, accidents, and claims prejudiced appellants unfairly, and that the court should have excluded that evidence. We disagree. Our review of the record indicates that the court, from the earliest point on, limited appellees' use of the evidence, by requiring a connection to the injuries currently at issue, and then limited the jury's consideration of the evidence by issuing explicit and repeated instructions.
 {¶ 25} Evid.R. 401 defines relevant evidence as any evidence that tends to make the existence of a material fact more or less probable than it would be without that evidence. All evidence that is not relevant is inadmissible. Evid.R. 402. Even when evidence is relevant, however, a trial court must exclude it when "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or whether to admit or exclude evidence. Krischbaum at 66. "Absent an abuse of discretion that materially prejudices a party, the trial court's decision will stand." Id.
 {¶ 26} In Tonti v. Morrison (1971), 29 Ohio App.2d 273, this court cited the general rule governing the admission of evidence regarding prior injuries, accidents or conditions in a personal injury case:
"Most of the cases in which the question has been raised have held or recognized that the plaintiff may properly be cross-examined as to his previous injuries, physical condition, claims, or actions for injuries similar to that constituting the basis of the present action, for the purpose of showing that his present physical condition is not the result of the injury presently sued for, but was caused, wholly or partially, by an earlier injury or pre-existing condition * * *."
Id. at 275, quoting 69 A.L.R.2d 593, 596. See, also, Barbalics v.Kohout (May 23, 1996), Cuyahoga App. No. 69140 (citing this as the general rule). Ohio courts also have affirmed the admission of such evidence as relating to credibility, impeachment, and bias. Guthrie v.Wheeler, Franklin App. No. 04AP-243, 2004-Ohio-6442 (credibility); Rowanv. City of Tallmadge (Sept. 27, 1995), Summit App. No. 16876 (impeachment and bias).
 {¶ 27} Here, appellees showed the relevance of Mrs. Dunkelberger's prior injuries, accidents, and lawsuits. The medical records concerning the June 1997 fall referred to an injury and contusion to her ankle. The lawsuits relating to the three auto accidents occurring after her fall in appellees' driveway referred to "permanent" injury to unspecified parts of her body and sought damages for "permanent" injury to her ability to engage in life activities. And Mrs. Dunkelberger's medical records showed at least the potential for overlap among the injuries, most notably, her statement to Dr. Lee about her concerns for the impact of the October 2002 collision. Thus, this evidence was relevant.
 {¶ 28} The question, then, is whether the evidence was so prejudicial that the court should have excluded it anyway. We recognize that the "`charge of litigiousness is a serious one'" and that a trial court should guard against jury bias. See Eller v. Wendy's Internatl., Inc.
(2000), 142 Ohio App.3d 321, 332, quoting Outley v. New York (C.A.2, 1988), 837 F.2d 587, 592. Here, the trial court did so.
 {¶ 29} From the outset, the court limited the use and impact of the evidence by monitoring appellees' foundation for the evidence and then by instructing the jury twice on the limited purpose for admitting the evidence. Following appellees' counsel's most blatant attempt to portray Mrs. Dunkelberger as litigious, the court sustained appellants' counsel's objection and then gave an immediate and firm instruction to the jury. In that instruction, the trial court stated the limitation clearly:
* * * The only purpose that you are allowed to use that evidence for is on the question of damages and whether or not the damages alleged in these other incidents might overlap into the damages that are claimed in this incident. That is it. That is the only purpose that you can use that evidence for. * * *
(Vol. II Tr. at 39-40.) The court repeated that instruction as part of the final jury instructions. In those instructions, the court again stated the limitation clearly: "You may consider whether the alleged damages in those incidents overlaps with the alleged damages in this case. You may not use evidence of the other incidences for proof of anything else in this case."
 {¶ 30} Where evidence is admissible for one purpose, but inadmissible for other purposes, a trial court can cure the risk that the jury will use the evidence for its improper purpose by giving a limiting instruction explaining the proper use of the evidence. DuBoe v. AccurateFabrication, Inc. (July 20, 1999), Franklin App. No. 98AP-842. The trial court gave such an instruction, and thereby cured any risk, here.
 {¶ 31} Moreover, there always exists a presumption that the jury followed the trial court's instructions. Pang v. Minch (1990),53 Ohio St.3d 186, paragraph four of the syllabus. "Thus, absent some indication that the jury disregarded the instruction or unless the limiting instruction is incomplete or clearly inadequate, we will not find prejudicial error in the admission of the challenged evidence."DuBoe, and cases cited therein. Applying these principles here, we must presume that the jury followed the trial court's explicit and repeated instructions not to consider the evidence of other injuries and accidents, except as to damages which issue was not reached.
 {¶ 32} For these reasons, appellants' assignment of error is not well-taken. Because we have ruled in favor of appellees, we need not address appellees' conditional cross-assignment of error. On these grounds, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.