DECISION
{¶ 1} Plaintiff-appellant, Thomas Barnett ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granted in favor of appellant in the total amount of $4,500, entered upon a jury verdict.
 {¶ 2} This action arose out of an automobile accident that occurred on September 20, 2000, when appellant, who was driving a garbage truck, was struck in side-to-side contact with a conversion van driven by defendant-appellee, Beverly Sexton ("appellee"). Appellee admitted negligence, and, therefore, the main issue at trial was whether appellant's surgery was proximately caused by the September 20, 2000 accident. After hearing all the evidence, the jury rendered a unanimous verdict, and found that $1,500 of appellant's initial chiropractic treatment was reasonable and necessary, and directly caused by the accident in question. The jury further awarded $3,000 for pain and suffering. The trial court entered judgment accordingly in favor of appellant for a total of $4,500. Appellant timely appealed.
 {¶ 3} On appeal, appellant asserts the following two assignments of error:
[1.] THE TRIAL COURT ABUSED ITS DISCRETION BY RULING CONTRARY TO THE PARTIES' STIPULATION THEREBY DISALLOWING APPELLANT'S CLAIM FOR PERMANENCY EVEN AFTER BOTH PARTIES HAD AGREED THAT PLAINTIFF WOULD WAIVE HIS CLAIM FOR PERMANENCY ONLY ON THE CONDITION THAT DEFENDANT WOULD NOT INTRODUCE EVIDENCE OF APPELLANT'S SUBSEQUENT ACCIDENTS.
[2.] THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING DEFENDANT TO INTRODUCE EVIDENCE OF CHIROPRACTIC BILLING OF EXPERT WITNESS, DR. APPELL EVEN AFTER BOTH PARTIES HAVE AGREED THAT DEFENDANT WOULD NOT INTRODUCE THE EVIDENCE.
 {¶ 4} Through his first assignment of error, appellant argues that it was error for the trial court to permit appellee to present evidence of subsequent accidents despite the parties' agreement that appellee would not introduce evidence of subsequent accidents if appellant would forgo his claim for permanency.
 {¶ 5} As to this assignment of error, appellant correctly notes that our standard of review on the admission of evidence is whether the trial court abused its discretion. Dunkelberger v.Hay, Franklin App. No. 04AP-773, 2005-Ohio-3102. An "abuse of discretion" means more than an error of law or judgment. Rather, an abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, citing State v. Adams
(1980), 62 Ohio St.2d 151.
 {¶ 6} Appellant contends that there was a quid pro quo stipulation entered into by the parties to ensure a fair, speedy, and uncomplicated trial. Specifically, appellant contends that the parties agreed, and the trial judge was aware, that appellant would forgo any claims of permanency if appellee would forgo any introduction of subsequent accidents. First, we note that the record does not clearly reflect any such stipulation.
 {¶ 7} Prior to opening statements, and outside the presence of the jury, the following exchange took place:
[Appellant's counsel]: They are both post surgery. So the issue is whether the surgery — there is no accident between our car accident. There's a lot of accidents here, it's hard to keep track.
[Appellee's counsel]: I need to clarify something right now, though. If you call Dr. Appell, which you have not committed to, I intend to bring up these subsequent accidents because Dr. Appell had his practice of cross-indexing.
[Appellant's counsel]: I understand all that.
[Appellee's counsel]: And it attacks the credibility of Dr. Appell. If you're not going to call Dr. Appell, and if you're not going to claim permanency, then I will agree that there is no point in talking about these later two accidents.
[Appellant's counsel]: We probably — my goal is to call Dr. Appell.
[The court]: If you call Dr. Appell, then I am not ruling on any of this. Because the depositions in and of themselves are not admissible at that point in time except for impeachment purposes or to refresh recollection. If Appell testifies —
(Tr. Vol. I, at 55.)
 {¶ 8} Thereafter, during his opening statements, appellant's counsel referred to subsequent accidents:
My client had a couple — I anticipate the defense in this case will be, well, Mr. Barnett, he is making claims. He made two claims afterwards. You will hear what those claims were. He had two accidents, car accidents. The guy has bad luck, ladies and gentlemen. He just keeps getting hit. He did make subsequent claims. I ask that you pay attention to what these claims were and what they meant. But I would say those claims had nothing to do with this accident. They were after the fact. My client has suffered severe and permanent injuries as a result of this. I believe the evidence will show that he injuries were caused by this accident.
(Tr. Vol. I, at 76-77.)
 {¶ 9} During the direct examination of appellant, the following exchange took place outside the presence of the jury:
[Appellee's counsel]: There was a half-hour, 40 minute conference following our second day of trial yesterday on the 13th in your chambers regarding jury instructions. And it was stated by plaintiff's counsel at that time that he did not intend to pursue permanency in light of the lack of any testimony from Dr. Appell on that issue. And suddenly plaintiff's counsel has elicited testimony from the plaintiff how regarding — how he's now — he's had subsequent accidents —
[The court]: My understanding was that the claim of — lack of a claim of permanency was based upon the trade-off on the two subsequent accidents?
[Appellant's counsel]: Correct.
[The court]: Is that correct?
[Appellant's counsel]: That was my understanding now.
[The court]: Now you're going to permanency.
[Appellant's counsel]: I am not going to permanency.
[The court]: Yes, you are. This is going to continue for the rest of his life. You're always going into the issues of loss of ability to perform usual functions, such as hunting and all those other things that he enjoys, which gets us into this whole permanency issue.
The problem here is that if the trade-off is going to be stuck with, and I think it should be, and that is your desire, you don't want any evidence coming in of the subsequent accidents?
[Appellant's counsel]: The accidents have come in already.
[The court]: I'm going to tell them to disregard them. Listen to me, if they have come in, and I don't really think they have been raised, particularly in this case, but the issue here is, unless you want to get into those, really get into those, you are going to have to limit your claim of damages here to a specific period of time that the jury is going to be instructed on. And that is, they may consider pain and suffering for a period of time following this accident until X. Basically, that is what you're going to have to do, otherwise, we open up this whole other area of permanency.
If permanency is going to be a claim here, he is going to have pain and suffering for the rest of his life due to this accident, then the issue of the other accident becomes very relevant as to what he suffered there and how that may affect.
Do you understand what I'm saying?
[Appellant's counsel]: I understand that fully, your honor. And I understand also [appellee's counsel] brought them up in opening. In his opening statement he has alluded to these things several times during his opening statement.
[The court]: Which way do you want it?
[Appellant's counsel]: I will let the accident come in, your honor. At this point I don't care, they have been alluded to so many times already. I feel like — I made an agreement, and I asked those not be brought up and they had been brought in many several contexts. I don't think a limiting instruction is sufficient to change that. The deal was a deal. He can't violate the deal and ask for a limiting instruction in trying to enforce it. That is the way I see it.
[Appellee's counsel]: I brought up the two accidents that occurred after September of 2000 in my opening statement. Two days later, last evening in your chambers, well after that opening statement and after I forwent pursuing that with Dr. Appell, this man said that he would not be claiming permanency in your chambers. How he can say somehow he changed his mind today because I referenced those accidents some three days previously on our first day of trial on Tuesday. Again, I am amazed.
(Tr. Vol. II, at 43-46.)
 {¶ 10} Upon review of the record, we do not find that the trial court abused its discretion. Initially, we note that the record reflects essentially nothing but confusion regarding any pretrial stipulation with respect to subsequent accidents and claims for permanency. As reflected in the portions of transcript quoted above, it appears that whatever stipulation was initially contemplated by the parties was no longer in effect when it became known that Dr. Appell would be testifying live at trial. Further, to cure any problems associated with the introduction of subsequent accidents, the trial judge instructed the jury on their relevance. We must presume that the jury followed the instructions given to it by the trial court. Pang v. Minch
(1990), 53 Ohio St. 3d 186, paragraph four of the syllabus.
 {¶ 11} Trial courts are vested with a great deal of latitude and discretion in the admission of evidence, and after review of the record in this case, we do not find that the trial judge acted in an unreasonable, arbitrary, or unconscionable manner so as to constitute an abuse of discretion with respect to the admission of evidence of subsequent accidents. Accordingly, we overrule appellant's first assignment of error.
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred in allowing appellee to introduce evidence of Dr. Appell's chiropractic billing over appellant's objections.
 {¶ 13} Again, we reiterate that our standard of review on the admission evidence is whether the trial court abused its discretion. Dunkelberger, supra. During the cross-examination of Dr. Appell, appellee introduced billing records to establish that Dr. Appell had billed the Bureau of Workers' Compensation for the same treatment that Dr. Appell said was attributed to the September 20, 2000 accident. As stated by appellee, while ordinarily not admissible, the reference to Workers' Compensation benefits was admissible for the purpose of impeaching Dr. Appell.
 {¶ 14} Evidence that is inadmissible for one purpose may be admissible for another purpose. State ex rel. Brown v. DaytonMalleable Inc. (1982), 1 Ohio St.3d 151, 156. Where evidence is admitted for one purpose but inadmissible for other purposes, the risk that the evidence will be used for its improper purpose can generally be cured by a limiting instruction explaining the proper use of such evidence. See Evid.R. 105; Hubner v. Sigall
(1988), 47 Ohio App.3d 15, 21; State v. Blevins (1987),36 Ohio App.3d 147, 150. Moreover, we must presume that the jury followed the instructions given to it by the trial court. Pang, supra. Thus, absent some indication that the jury disregarded the instruction, or unless the limiting instruction is incomplete or clearly inadequate, we will not find prejudicial error in the admission of the challenged evidence. See State v. Holt (Aug. 20, 1998), Franklin App. No. 97APA10-1361 (courts must assume that the chal-lenged statements were received and utilized by the jury only for proper purposes); State v. Fleming (Apr. 22, 1997), Franklin App. No. 96APA08-1069 (absent indication from the record that the jury failed to follow curative instruction, appellant could not show that alleged error was prejudicial);State v. D.J. Master Clean, Inc. (1997), 123 Ohio App.3d 388,393-394 (even though admission of relevant evidence "created a considerable risk of unfair prejudice" to the complaining party, no abuse of discretion given the trial court's "clear and exacting limiting instruction"); cf. State v. Faris (Mar. 24, 1994), Franklin App. No. 93APA08-1211 (abuse of discretion existed when limiting instructions was "inade-quate and incomplete" because it failed to instruct the jury that evidence could only be used for the proper purpose).
 {¶ 15} Here, the trial court specifically instructed the jury as to the limited purpose of the evidence concerning the Workers' Compensation benefits. (Tr. Vol. I, at 201.) There is nothing in the record to indicate that the jury disregarded the instructions. Given the record in this case, we cannot find that the trial court abused its discretion in admitting the evidence about which appellant complains in his second assignment of error. Accordingly, we overrule appellant's second assignment of error.
 {¶ 16} For the foregoing reasons, we overrule appellant's two assignments of error, and hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt, P.J. and Petree, J., concur.