JOURNAL ENTRY AND OPINION
{¶ 1} In this accelerated appeal John Wood challenges the trial court's disposition of his personal injury lawsuit against the appellee Thomas Batta's Estate. He assigns the following errors for our review:
 "I. It was error for the case to be transferred from Shaker Heights Municipal Court to the Cleveland Municipal Court."
 "II. It was error for the court to require expert testimony about a transient whiplash-type injury."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} The instant action originated from an automobile accident that occurred on September 22, 2004 at the intersection of Chester and Euclid Avenues in the City *Page 3 
of Cleveland, Ohio. At the time of the accident, Wood was traveling in a westbound direction on Martin Luther King Boulevard. Wood stopped his vehicle at the intersection of Euclid Avenue. A pickup truck was stopped next to him. The truck was owned by Cuyahoga Metropolitan Housing Authority ("CMHA"), and operated by Darryl Houston, an employee of CMHA.
 {¶ 4} When the light turned green, the Wood vehicle and the CMHA vehicle proceeded towards the intersection. Upon reaching the middle of the intersection, a vehicle operated by Thomas Batta went through the red light, and struck the CMHA vehicle, and caused it to spin around, which resulted in the CMHA truck striking Wood's vehicle.
 {¶ 5} On January 31, 2005, Wood filed a personal injury complaint against Batta and CMHA in the Shaker Heights Municipal Court. During the course of the litigation, Batta passed away from causes unrelated to the accident. As a result, on August 19, 2005, the Shaker Heights trial court granted a motion to substitute the Estate of Thomas Batta for the deceased.
 {¶ 6} On September 16, 2005, the Batta estate filed a motion to transfer venue of the underlying case from the Shaker Heights Municipal Court to the Cleveland Municipal Court. The Batta estate argued that venue was not proper because Batta did not reside and did not have a place of business in the City of Shaker Heights. The Batta estate also argued that the accident occurred in the City of Cleveland, and further argued that CMHA is located in the City of Cleveland. *Page 4 
 {¶ 7} On October 7, 2005, the trial court granted the Batta estate's motion to transfer venue from the Shaker Heights Municipal Court to the Cleveland Municipal Court. On October 12, 2005, Wood filed a motion for reconsideration of the trial court's decision to transfer venue. On October 27, 2005, the trial court denied Wood's motion for reconsideration and the case was transferred to the Cleveland Municipal Court.
 {¶ 8} Prior to trial in the instant matter, the Batta estate filed a motion in limine regarding damages. The Batta estate argued that since Wood indicated that he did not intend to produce an expert witness at trial on the issue of proximate cause, Wood should be precluded from introducing any evidence on damages. The trial court granted the Batta estate's motion in limine.
 {¶ 9} After a two-day trial commencing August 15, 2007, a jury returned a verdict in favor of the Batta estate.
 Transfer of Case to Cleveland Municipal Court {¶ 10} In the first assigned error, Wood argues the Shaker Heights Court lacked jurisdiction to transfer the case to Cleveland because the motion to transfer was in the name of the deceased defendant and not his representative; and the estate of Thomas Batta was not filed in probate court.
 {¶ 11} On May 16, 2005, Thomas Batta died. On August 19, 2005, the Shaker Heights trial court granted a motion to substitute the Estate of Thomas Batta as the named defendant in this lawsuit. On October 7, 2005, the trial court granted the estate's request to transfer venue to Cleveland. *Page 5 
 {¶ 12} The record in this case contains a suggestion of death as required in Civ.R. 25(E). It was filed on August 18, 2005 and granted on August 19, 2005. Wood, in his brief, acknowledges that on October 11, 2005, he moved to substitute the estate of Batta as the properly named defendant. This act took place after the court's October 7, 2005 order to transfer the case to Cleveland.
 {¶ 13} The record establishes that on August 18, 2005, defense counsel for Batta's estate filed a suggestion of death, which the court accepted, and on October 7, 2005, the trial court transferred the case. Consequently, the issue in this case is not jurisdiction but venue.
 {¶ 14} Assuming it was jurisdictional, this court has historically held that failure to substitute a decedent's personal representative under Civ.R. 25(A) implicates personal jurisdiction when the consequence for failure to file is dismissal; the dismissal is without prejudice and personal jurisdiction is waivable.[1] In Vance v. Crane, none of the parties sought to have the action dismissed for failure to suggest death; consequently, we held that the parties waived the issue. We are not suggesting that waiver applies here, but there are consequences for a failure to substitute; these consequences are not implicated here because defense counsel filed his motion to substitute the decedent's representative and his motion to transfer. In Green v. Kelly, this court held that a party may file a substitution even though no representative has been appointed by the probate court. *Page 6 
 {¶ 15} Wood argues that the estate had not been filed in probate court, and this implicates jurisdiction. Green states clearly that a representative need not exist before a party may file a suggestion of death in the appropriate court. This being the case, we turn now to the issue of whether the trial court abused its discretion when it transferred the case to Cleveland.
 {¶ 16} A trial court's decision to transfer a case to another venue will not be reversed absent an abuse of discretion.[2] An abuse of discretion involves more than an error of law or judgment, it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.[3]
 {¶ 17} Civ.R. 3(B), which sets forth the rules by which proper venue is established, states in pertinent part as follows:
 "Any action may be venued, commenced, and decided in any court in any county. * * * Proper venue lies in any one or more of the following courts:
 (1) The county in which the defendant resides;
 (2) The county in which the defendant has his principal place of business;
 (3) A county in which the defendant conducted activity that gave rise to the claim for relief
 * * * *
 (6) The county in which all or part of the claim for relief arose; * * *." *Page 7 
 {¶ 18} Civ.R. 3(C)(1) empowers the trial court to transfer an action commenced in a county where venue is improper to a county where venue is proper upon a timely filed motion by the defendant pursuant to Civ.R. 12(B).[4] The first nine provisions of Civ.R. 3(B) are on an equal status, and any court specified therein may be a proper and initial place of venue.[5]
 {¶ 19} Wood commenced his action in the City of Shaker Heights, where he resides. It is undisputed that Batta did not reside in, and did not have a principal place of business in the City of Shaker Heights. The record indicates that Batta resided in the City of Parma, Ohio. The record also indicates that CMHA's principal place of business is located in the City of Cleveland.
 {¶ 20} Pivotally, the accident which is the subject of Wood's personal injury claim for relief occurred in the City of Cleveland. Consequently, since the activity which gave rise to Wood's claim for relief occurred in the City of Cleveland, venue properly lies there.[6] Therefore, the trial court properly transferred venue to the City of Cleveland Municipal Court. Accordingly, we overrule the first assigned error.
 Expert Testimony *Page 8 {¶ 21} In the second assigned error, Wood argues the trial court erred in granting Batta's estate's motion in limine requiring expert testimony relative to causation of a transient whiplash injury. We disagree.
 {¶ 22} Our standard of review on the admission of evidence is whether the trial court abused its discretion.[7] An "abuse of discretion" means more than an error of law or judgment. Rather, an abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable.[8]
 {¶ 23} In order to establish proximate cause there must be evidence that a direct or proximate causal relationship existed between the accident and the injury or disability complained of.[9] Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.[10] *Page 9 
 {¶ 24} It is when the internal complexities of the body are at issue, that we generally initiate the metamorphosis in the evidential progression where medical testimony moves from the pale of common knowledge matters and within layman competency where expert testimony is not required, to those areas where such testimony is more appropriate and indeed most necessary for the trier of fact to understand the nature and cause of the injuries alleged.[11]
 {¶ 25} While we agree that in some instances the causal nexus between an accident and the alleged injury is so clear as to obviate the need for expert testimony in a personal injury claim, such is not the case here. The injuries Wood alleges, as a result of the car accident, consisted of pain to the neck, back, and shoulders. We have previously held that the causal connection between soft tissue injuries incurred in motor vehicle accidents and alleged subsequent physical disability is not so apparent as to be a matter of common knowledge, where the alleged injuries involved strains to the neck and back area.[12]
 {¶ 26} Upon review of the record as a whole, we find that Wood's alleged injuries are internal and elusive. As such, Wood's injuries are not sufficiently observable, understandable, and comprehensible by the trier of fact. Consequently, *Page 10 
the question of the causal connection between the car accident and Wood's alleged injuries are peculiarly within the scope of expert scientific inquiry.
 {¶ 27} Since expert medical testimony was required to establish proximate cause of the alleged injuries in this instance, and because Wood did not intend to present any expert medical testimony with respect to this issue, we conclude that the trial court did not err in granting the Batta estate's motion in limine. Accordingly, we overrule the second assigned error.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and
ANTHONY O. CALABRESE, JR., J., CONCUR
[1] Vance v. Crane Company, Cuyahoga App. No. 87955, 2007-Ohio-1155, citing Perry v. Eagle-Picher Industriess, Inc. (1990),52 Ohio St.3d 168.
[2] Allin v. Hartzell Propeller, Inc., 2nd Dist. No. 02CA57, 2003-Ohio-2827, citing McCoy v. Lawther (1985),17 Ohio St.3d 37.
[3] Franklin Cnty. Sheriff's Dept. v. State Emp. Relations Bd. (1992),63 Ohio St.3d 498.
[4] Society Nat'l Bank v. Williams (Oct. 9, 1997), Cuyahoga App. No. 71448; Morton Int'l. Inc. v. Harbor Ins. Co. (1992),79 Ohio App.3d 183.
[5] Morrison v. Steiner (1972), 32 Ohio St.2d 86, syllabus 1.
[6] Civ.R. 3(B)(3).
[7] Barnett v. Sexten, 10thDist No. 05AP-871,2006-Ohio-2271, citing Dunkelberger v. Hay, 10thDist. No. 04AP-773, 2005-Ohio-3102.
[8] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, citing State v.Adams (1980), 62 Ohio St.2d 151.
[9] Rogers v. Armstrong, 1st Dist. No. C-010287, 2002-Ohio-1131. See also Buckeye Union Ins. Co. v. Vassar (Feb. 18, 1981), 1st Dist. No. C-800007.
[10] Darnell v. Eastman (1970), 23 Ohio St.2d 13, syllabus.
[11] Wright v. City of Columbus, 10th Dist. No. 05AP-432, 2006-Ohio-759.
[12] Langford v. Dean (Sept. 30, 1999), Cuyahoga App. No. 74854. See, also, Hodge v. King (July 16, 1998), Cuyahoga App. No. 72823; Davis v.DT Limousine Serv., Inc. (June 16, 1994), Cuyahoga App. No. 65683;Dolly v. Daugherty (Nov. 15, 1979), Cuyahoga App. No. 40021.
 *Page 1